[No. 31002. Department Two. December 6, 1949.]

THE STATE OF WASHINGTON, *on the Relation of James Munro, as Prosecuting Attorney of Kitsap County, Plaintiff,* v. THE SUPERIOR COURT FOR KITSAP COUNTY, *H. G. Sutton, Judge, Respondent.*[1]

[1]Reported in 212 P. (2d) 493.

*James Munro* and *Roy A. Holland,* for relator.
*Ray R. Greenwood* and *Neil J. Hoff,* for respondent.

ROBINSON, J.—This matter comes before the court upon an application for a writ of prohibition to prevent the superior court in and for Kitsap county, through the Honorable H. G. Sutton, one of its judges, from enforcing an order restraining relator, the prosecuting attorney of the county, from arresting, or otherwise interfering with, certain persons alleged to be trespassing upon the public property of the county.

Title to the property in question was formerly vested in a certain corporation, known as the Cooperative Brotherhood, which once owned all of the area occupied by the town of Burley. On the original plat of the town, filed with the auditor of Kitsap county, the property is designated as a public park. In 1912, the Cooperative Brotherhood was dis-

solved in a receivership proceeding, and it appears that such
of its property as was not disposed of by the receiver was
eventually conveyed to trustees to hold under the direction
of the court. These trustees and their successors have since
managed the affairs of the park. The county commissioners
have never assumed jurisdiction or control thereof.

In 1947, with the approval of the court, the successor
trustees made a deed of conveyance to the Burley Library
Association and Improvement Club. A board of trustees was
appointed by Judge Sutton to act for the latter corporation.
In order, as they allege, to improve the park property, these
trustees, early in 1949, entered into a contract with W. B.
Allen and W. J. Moore to arrange for the selective logging
of the park. This contract was approved by Judge Sutton.
In pursuance of the arrangements therein made, Allen and
Moore commenced to log the property.

Meanwhile, relator, according to the allegations of his
application, received several protests to the effect that
logging operations were being carried on in the park; where-
upon he searched the records of Kitsap county and satisfied
himself that the Burley Public Park had been dedicated to
the public forever, that this property had never been
vacated, and that the county commissioners had never au-
thorized any person or persons to trespass upon the prop-
erty and log the timber therefrom. He alleges that he then
notified Allen and Moore that they were trespassing and
logging upon the property of the Burley Public Park with-
out any right, and that, unless they desisted from doing so,
warrants would be issued for their arrest for trespassing.
He further alleges that, having been informed that logging
operations were continuing, he caused a complaint to be
filed in the justice court charging Allen and Moore with the
misdemeanor of trespassing. Allen and Moore were then
arrested, and, according to his allegations, released upon
their own recognizance.

On March 25, 1949, the Burley Library Association and
Improvement Club, and Allen and Moore, applied to the
superior court for Kitsap county for a temporary order,

restraining and enjoining the prosecuting attorney from interfering in any manner with the carrying out of the logging contract, and from arresting or prosecuting any of the parties to the contract, and praying that, upon the final hearing of the cause, the order be made permanent as an injunction. The court issued a temporary restraining and show cause order, and the matter came on for hearing on April 4th. At the conclusion of the hearing, the court issued an order which read, in part, as follows:

"It is further ORDERED AND ADJUDGED that the restraining order heretofore entered herein be and remain in full force and effect insofar as it restrains and prevents the defendant from carrying on his course of conduct in the future interference with that certain logging contract described in the complaint and the defendant is restrained from carrying out his threat to cause a series of arrests to be made in connection therewith. This order, however, does not restrain or prevent the defendant from proceeding to have tried or carrying on the prosecution of plaintiffs, Allen and Moore, on charges now pending before James W. Carr, Justice of the Peace, Bremerton Precinct, Kitsap County, Washington, in which court said plaintiffs are charged with the misdemeanor of trespassing.

"Done in open court this 4th day of April, 1949.
 "BY THE COURT H. G. SUTTON, Judge"

It is to prevent the enforcement of the above order that relator has applied for a writ of prohibition from this court. We are not, of course, here concerned with the merits of the controversy as a whole, but only with the question of whether the court, in entering its order, acted in excess of its authority, thereby creating a situation justifying the issuance of the writ.

 A writ of prohibition may issue to prevent a court from granting an injunction where, though having jurisdiction for certain limited purposes, it would, in doing so, go beyond such jurisdiction. *State ex rel. Seaborn Shipyards Co. v. Superior Court,* 102 Wash. 215, 172 Pac. 826.

 Before the court can take cognizance of an application for an injunction, it should be made to appear, from the facts and circumstances of the particular case, that it is

one in which equitable interposition may properly and legitimately be invoked. *People ex rel. L'Abbe v. District Court*, 26 Colo. 386, 58 Pac. 604, 46 L. R. A. 850. Where no special circumstances are alleged bringing the case under some recognized head of equity jurisdiction, the court has no authority to hear and determine the case, and a writ will issue to prevent its granting injunctive relief. *State ex rel. Kenamore v. Wood*, 155 Mo. 425, 56 S. W. 474, 48 L. R. A. 596; 42 Am. Jur. 161, § 24.

 It is, of course, true that the writ of prohibition will only issue where there is no adequate remedy by appeal or otherwise. *State ex rel. New York Cas. Co. v. Superior Court*, 31 Wn. (2d) 834, 199 P. (2d) 581; Rem. Rev. Stat., § 1028 [P.P.C. § 17-3]. But where the court is attempting to proceed entirely without jurisdiction, we have held that the remedy by appeal is inadequate and prohibition will lie. *State ex rel. Western Canadian Greyhound Lines v. Superior Court*, 26 Wn. (2d) 740, 175 P. (2d) 640.

 It is a well-established rule, for which citation is scarcely necessary, that equity will not interfere with the execution and enforcement of the criminal laws by granting injunctive relief restraining duly constituted authorities from instituting and prosecuting criminal proceedings under such laws. 28 Am. Jur. 413, § 233; 4 Pomeroy's Equity Jurisprudence (5th ed.) 978, § 1361b; annotation L. R. A. 1916C, p. 263. In our own case of *State ex rel. Potter v. Maybury*, 161 Wash. 142, 296 Pac. 566, we have said:

"It is, of course, true that equity exercises no criminal jurisdiction. In cases where it appears that public officers are threatening to proceed against individuals under a criminal statute which is unconstitutional, or for any reason invalid, and where it appears that such action by the authorities will result in a direct invasion of property rights which will result in irreparable injury, equity will interfere by way of injunction to restrain the officers of the government from proceeding. The rule is well stated in 32 C. J., page 280, title 'Injunctions,' as follows:

" 'It is only where the statute or ordinance is unconstitutional or otherwise invalid and where in the attempt to enforce it there is a direct invasion of property rights re-

sulting in irreparable injury that an injunction will issue to restrain the enforcement thereof. Both of these elements are indispensable, and the latter element is not present where it appears that the injury or loss to plaintiff's business or rights of property would be only such as would incidentally flow from the arrest and prosecution thereunder. Courts will not interfere by injunction where the injury inflicted or threatened is merely the vexation of arrest and punishment of complainant who is left free to litigate the questions of unconstitutionality of the statute or ordinance or its construction or application in making his defense at the trial or prosecution for its violation.' "

■ In the superior court proceedings, the plaintiffs did not allege that the statute under which the criminal proceedings for trespassing had been brought (Rem. Rev. Stat., § 2665 [P.P.C. § 117-149]) was invalid or unconstitutional. Nor did they show that any irreparable injury to their property had been, or would be, sustained as a result of the attempted enforcement of the law, though they did contend that it was desirable to log the park and that, if this were not done, certain trees there would "soon lose any value as merchantable timber because of age and become a hazard." Their complaint contained a suggestion that Allen and Moore had been put to considerable expense in moving their logging machinery onto the park area; but this would not justify the court in restraining the prosecuting attorney from expelling Allen and Moore therefrom, since, as is indicated in the above quotation, the threatened injury to property rights must be one which naturally and necessarily follows the threatened enforcement of the law, and not a loss arising merely from the arrest and prosecution of the party threatened.

Finally, plaintiffs alleged that the prosecuting attorney had indicated that, if they continued to carry out their contract, further arrests would follow, and, in their brief in this court, they indicate that the injunction "was only to prevent continued harassment." But, as is said in 28 Am. Jur. 419, § 236:

"It is well settled that if the complainant can avoid subsequent prosecutions by simply desisting from committing

the alleged unlawful act pending the first prosecution, equity will refuse to enjoin alleged threatened prosecutions for subsequent violations sought on the ground that such injunction is necessary to prevent a multiplicity of suits."

It does not appear that the plaintiffs in the superior court stated any ground which would entitle that court to issue an order restraining the prosecuting attorney from causing them to be arrested for trespassing in the Burley Public Park. The court, therefore, was without jurisdiction to entertain their application.

The writ will issue.

SIMPSON, C. J., GRADY, and HILL, JJ., concur.

