[Nos. 31505, 31508. *En Banc.* March 29, 1951.]

THE STATE OF WASHINGTON, *on the Relation of Smith Troy, as Attorney General, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Frank D. James, Judge, Respondent.*[1]

[1]Reported in 229 P. (2d) 518.

*The Attorney General* and *June Fowles, Assistant,* for relator.

*Montgomery, Montgomery & Purdue* and *McWalter, Barnett & Copass,* for respondent.

ROBINSON, J.—The above matters require our consideration of certain procedural questions raised in the trial of a King county condemnation action, entitled: State of Washington, Petitioner, v. Eldon R. Stout et al., Defendants, being cause No. 412610 of the superior court of the state of Washington for King county, in which the state sought to condemn for highway purposes eighty-four one-hundredths of an acre of land. The defendants were duly served, and, in due course, entered their appearances. On the 4th day of November, 1949, a hearing was held before the Honorable Chester A. Batchelor, a judge of the King county court, and an order of adjudication of necessity for public use was entered. Thereafter, on April 26, 1950, the cause came on for jury trial before the Honorable Frank D. James, one of the judges of the superior court of King county, to determine the value of the property. On April 28th, the jury returned a verdict in the amount of seven thousand dollars. Thereupon, the petitioner, purporting to act under Rem. Rev. Stat., § 900 [P.P.C. § 34-19], filed a motion, supported by an affidavit, for an order dismissing the cause. The motion was noted for hearing on June 2, 1950, at which time the state presented an order for dismissal. The defendant landowners not only resisted the motion, but presented for signature a

judgment on the verdict. Counsel for petitioner argued, and still contend, that, under Rem. Rev. Stat., § 900, the state was entitled to abandon and dismiss the case after the verdict was rendered and before judgment was entered; while counsel for the defendants contended that judgment on the verdict should be entered.

After hearing the argument of counsel, the trial judge entered a memorandum opinion on June 30, 1950, holding that the defendant landowners were entitled to the entry of a judgment on the verdict. On July 7th, the state applied to this court for an alternative writ of prohibition to prevent Judge James from signing a judgment on the verdict. This court issued an order requiring Judge James to appear before it on July 21st to show cause, if any he had, why the writ of prohibition prayed for should not be issued, and further expressly commanding him to refrain from signing a judgment on the verdict until the further order of this court. On July 10, 1950, Judge James entered an order entitled: "ORDER DENYING PETITIONER'S MOTION TO DISMISS." The order read as follows:

"The above matter having come on for trial, but prior to the entry of judgment herein, the petitioner having moved for dismissal of the proceedings,

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the said motion be and the same hereby is denied."

On July 11th, the state further petitioned this court for a writ of certiorari. A writ was issued, directing the Honorable Frank D. James to certify to this court a full and complete transcript of the records and proceedings had before him in the case of State of Washington v. Eldon R. Stout et al., Cause No. 412610, in the superior court of Washington for King county, by the 21st day of July, or, in the alternative, to show cause why he should not do so.

On July 20th, counsel for the respective parties filed a stipulation for the continuance of the hearing on the application for the writ of prohibition, and also on the petition for a writ of certiorari, and further stipulated that both matters might be consolidated for hearing; and the application for

the writ of prohibition and the petition for a writ of certiorari were so consolidated for hearing on September 8, 1950, and were then heard on oral argument, supported by written briefs.

Although an elaborate record of the King county case was filed here, it does not contain a judgment in the condemnation case. If a judgment was in fact entered on the verdict, the application for a writ of prohibition (No. 31505) has obviously become moot. We think that we may safely assume that no such judgment has been entered; for, as heretofore noted, the show cause order, directed to the respondent judge upon the state's application for the writ of prohibition, contained the following direction:

"Until the further order of this court you are commanded to desist and refrain from signing said judgment."

The relator's brief in the consolidated hearing, under the caption "Statement of Questions Involved," stated six questions, and among them the following:

"Did the superior court erroneously deny the state's motion to dismiss a condemnation action after the verdict of the jury was rendered but before the judgment was entered?

"Did the superior court act without and in excess of its jurisdiction?

"Is the prohibition available to prevent the superior court from proceeding to enter a judgment upon the verdict?

"Does certiorari lie to review the proceedings and order denying motion to dismiss?"

In the brief filed on behalf of the respondent judge, under the caption, "Counter Statement of the Questions Involved," the following was stated:

"1. Does a writ of prohibition lie to prevent a Superior Court from entering a judgment on the verdict of a jury in a condemnation case where the condemnor has attempted to abandon the proceeding by a motion to dismiss the action?

"2. Does certiorari lie to review the actions of a Superior Court in denying a motion to dismiss a condemnation case where the jury has returned its verdict but judgment has not yet been entered?

"3. In a condemnation proceeding after a complete trial on the merits and after the verdict of the jury has been re-

turned, are the owners of the property sought to be condemned entitled to have a judgment entered on the verdict of the jury?"

Each of the briefs, however, in attempting to deal fully with the questions involved, discusses subsidiary questions. The state, in its brief, insists (1) that the superior court erred in denying its motion to abandon and dismiss the action and in fact erroneously exercised or exceeded its jurisdiction in so doing; and (2) that a peremptory writ of prohibition should issue, prohibiting the respondent judge from entering a judgment on the verdict, and, if that writ should be denied, this court, after reviewing the matter pursuant to the writ of certiorari, should reverse the order denying the state's motion to dismiss or remand, with instructions to dismiss the condemnation proceedings.

We will first discuss the application for the writ of prohibition. That writ is defined in our statutes as follows:

"The writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tribunal, corporation, board or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person." Rem. Rev. Stat., § 1027 [P.P.C. § 17-1].

In a comparatively recent opinion of this court in *State ex rel. New York Cas. Co. v. Superior Court,* 31 Wn. (2d) 834, 838, 199 P. (2d) 581, this court said, and supported its statement by citations of many former opinions:

"In numerous cases, this court has not only described the function of the writ of prohibition, but has also specifically prescribed the factors necessary to the issuance thereof. We have repeatedly stated that the writ of prohibition is available only where the court which is sought to be prohibited from further proceedings is acting without or in excess of its jurisdiction, and then only in cases where there is no adequate remedy by appeal. [Citing cases.]"

We will quote further from that opinion:

"We have also frequently declared that the writ of prohibition will not issue to prevent the commission of mere error, nor to take the place of an appeal, nor to perform the

office of a writ of review for the correction of error. [Citing cases.]

"In view of the declared function of the writ of prohibition and the factors essential to its issuance, as above explained, the inquiry here resolves itself into the question whether the superior court, in this instance, had jurisdiction to invite, consider, and pass upon the motion for voluntary nonsuit."

■■ In the instant case, since the writ of prohibition was sought to prohibit respondent judge from entering a judgment upon the verdict of the jury, the inquiry resolves itself into the question as to whether the respondent judge had jurisdiction to consider and rule on the defendant landowners' motion for judgment on the verdict. What is the meaning of the word "jurisdiction," as it appears in the prohibition statute, Rem. Rev. Stat., § 1027? That question was answered in *State ex rel. New York Cas. Co. v. Superior Court, supra,* as follows:

"Jurisdiction of the subject matter means not only authority in the court to hear and determine the class of actions in which the particular action is comprised, but also authority to hear and determine the particular question which it assumes to determine; hence the essential elements of jurisdiction are said to be three: (1) the court must have cognizance of the class of cases to which the one to be adjudged belongs; (2) the proper parties must be present; and (3) the point decided must be, in substance and effect, within the issues before the court. [Citing cases.]

"In our opinion, there can be no doubt that the essential elements of jurisdiction were present in the case before the superior court. That court had cognizance of the action, which was one for the recovery of money; the proper parties were before the court by their voluntary appearance and participation in the trial; and the matter of granting or denying a voluntary nonsuit is not only a question upon which the superior court is by statute authorized to rule, but also is a point which, in substance and effect, is within the issues of an action brought and tried in that court. The trial court in this case thus had jurisdiction over the subject matter involved in the motion and over the parties concerned.

"The essential requirements being satisfied, the superior court had jurisdiction to make an order in the premises, re-

gardless of whether or not it made a correct order; and in making such order, whether correct or erroneous, it cannot be said to have acted either without jurisdiction or in excess of its jurisdiction. Hence a writ of prohibition is not the appropriate remedy."

We feel fully warranted in saying that there can be no doubt but that the essential elements of jurisdiction were present in the instant case. The court had cognizance of the action, which was one for condemning property for public use. The proper parties were before the court by their voluntary appearance and participation in the trial. The trial court undoubtedly had jurisdiction over the subject matter of the motion for entry of judgment on the verdict and over the parties concerned. We will, therefore, deny the petitioner's application for a writ of prohibition.

However, this cause is also here for review on a writ of certiorari. With respect to that matter, the attorney general, in the closing lines of his brief, makes the following prayer:

". . . that upon review this Court reverse the order of the superior court denying motion to dismiss, or remand, with instructions to dismiss the proceedings."

Rem. Rev. Stat., § 900, a portion of our eminent domain code, reads as follows:

"Whenever the attorney general shall file with the auditor of this state a certificate setting forth the amount of any award found against the state of Washington under the provisions of this act, together with the costs of said proceeding, and a description of the lands and premises sought to be appropriated and acquired, and the title of the action or proceeding in which said award is rendered, it shall be the duty of the state auditor to forthwith issue a warrant upon the state treasury to the order of the attorney general in a sum sufficient to make payment in money of said award and the costs of said proceeding, and thereupon it shall be the duty of said attorney general to forthwith pay to the clerk of said court in money the amount of said award and costs."

After quoting the above section, this court said, in *State ex rel. Peel v. Clausen*, 94 Wash. 166, 171, 162 Pac. 1:

"Section 900 means no more than that the claimant in a condemnation proceeding can assert no rights in the judg-

ment. His right of payment, as well as the right of the state to take possession of the land for public uses, is made dependent upon the certificate of the *Attorney General*. The act of the *Attorney General,* notwithstanding the use of the word 'shall,' is one of discretion. *If the award is not satisfactory, the state can abandon the proceeding.* If it is satisfactory, the *Attorney General* can file his certificate, whereupon a warrant is drawn to his order and, upon the payment of the judgment, title will pass." (Italics ours.)

In the instant case, the attorney general, believing that seven thousand dollars was an excessive award for eighty-four one-hundredths of an acre of land, felt that he could not, in good conscience, issue the certificate provided for in § 900, *supra,* and concluded that it was his duty to abandon the proceedings. He thereupon moved that the state's condemnation proceedings be dismissed. The defendants thereupon moved for judgment on the verdict. After hearing argument on both motions, the respondent judge entered a memorandum opinion in which he said, among other things:

"As pointed out in respondents' brief, nowhere in our statutes or rules of practice is a plaintiff (or a moving party) given a right to dismiss a proceeding after he has rested at the conclusion of his opening case. *This does not mean that petitioner may not still abandon the eminent domain proceedings. Petitioner need not take the third step hereinabove described."* (Italics ours.)

By the "third step," the respondent judge, of course, meant the entry of a decree of appropriation vesting title in the state. In discussing the state's application for a writ of prohibition, we have hereinbefore held that the trial court had jurisdiction to enter judgment on the verdict, but we are far from being convinced that he rightfully refused to grant the state's motion to dismiss and abandon its condemnation action. In 2 Nichols on Eminent Domain (2d ed.) 1099, § 417, it is said:

"In the states in which condemnation is effected by judicial proceedings it is almost universally held that the mere fact that compensation has been assessed does not prevent a discontinuance of the proceedings. In fact, one of the strongest arguments in favor of this method of exercising the power of eminent domain is that public policy requires

the cost of a public improvement to be ascertained before it can be finally determined that it is advisable to undertake the work, and that this cannot be done until the compensation for the land taken has been finally assessed by the jury or other tribunal required by the constitution or statutes. The award in such states is merely an offer which the public agency contemplating the work may accept or decline as it sees fit."

Referring to the first sentence of the above quotation, we may emphasize that, in our state, condemnation is effected by judicial proceedings. In support of his text, above quoted, Mr. Nichols cites many decisions in his footnotes and among them two decisions of this court. In one of these (*North Coast R. Co. v. Aumiller,* 61 Wash. 271, 272, 112 Pac. 384), it was said:

"There is no requirement that the appropriator of the property shall cause judgment to be entered immediately upon the verdict assessing the damages, and under the rule announced by this court in *Port Angeles Pacific R. Co. v. Cooke,* 38 Wash. 184, 80 Pac. 305, the condemning party has a right to a reasonable time in which to make the election whether it will abandon the proceedings or appropriate the property. In *Port Angeles Southern Co. v. Barbare,* 46 Wash. 275, 89 Pac. 710, it was held that a corporation had a reasonable time to make its decision in this regard."

Mr. Nichols also cited *North Coast R. Co. v. Gentry,* 73 Wash. 188, 193, 131 Pac. 856, wherein it was said:

"The general rule as to the right of abandonment, in the absence of statutory obstacles, is unquestionably that stated in Lewis, Eminent Domain (3d ed.), § 955, as follows:

" 'The weight of authority undoubtedly is that, in the absence of statutory provisions on the question, the effect of proceedings for condemnation is simply to fix the price at which the party condemning can take the property sought, and that even after confirmation or judgment the purpose of taking the property may be abandoned without incurring any liability to pay the damages awarded.'

"Our statute does not in express terms define or fix the limits of the right of abandonment, but in the main leaves the question open to be decided upon general principles."

We believe that our previous decisions on this point are in accord with the views generally taken by the courts

of last resort throughout the United States. We base the above statement largely upon 18 Am. Jur. 1012, Eminent Domain, § 370, in which it is said:

"In the states in which condemnation is effected by judicial proceedings, it is generally held that in the absence of statutory provisions expressly regulating the stage at which the condemning party may dismiss or abandon the proceedings, unless the statute authorizing such proceedings clearly contemplates the passing of title before the confirmation of the award or the entry of judgment, the proceedings may be dismissed although there has been an award or verdict returned,"

and upon the very comprehensive eighty-six-page annotation in 121 A. L. R. 12, entitled, "Right to abandon and effect of abandonment of eminent domain proceedings," in which it is said, on page 31:

"3. After assessment or verdict but before judgment or confirmation. (a) Abandonment generally allowed.

"In the absence of statutory provisions expressly regulating the stage at which the condemning party may dismiss or abandon condemnation proceedings, and where the acts authorizing such proceedings do not contemplate the passing of title before confirmation or judgment, it is generally held that the proceedings may be dismissed prior to confirmation or judgment, although there an award or verdict has been returned."

As hereinbefore stated, the petitioner state's application for writ of prohibition is denied.

It is further decided and adjudged that the respondent judge erred in denying the state's motion to dismiss its condemnation action in the case entitled: State of Washington, Petitioner, v. Eldon R. Stout et al., being Cause No. 412610 in the superior court of the State of Washington in and for King county.

It is further adjudged and decided that the petitioner have leave to renew its motion to dismiss the condemnation proceedings; and, in case it is established at the hearing of that motion that (1) no decree of appropriation has been entered; (2) no title to the land has passed to the state; and (3) the state has not taken possession of the land sought to

be condemned, the judge of the superior court of King county who hears the motion shall grant it. It is so ordered.

ALL CONCUR.

