[No. 31903. Department Two. January 17, 1952.]

*In the Matter of the Welfare of* KRISTOPHER JONES.
THE STATE OF WASHINGTON, *on the Relation of Hjordis Michelson, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *William Long, Judge, Respondent.*[1]

*Floyd M. Reischling* and *Warren Chan,* for relator.

PER CURIAM.—Relator seeks a writ prohibiting the judge of the juvenile court for King county from signing and entering an order placing a child, now two and one-half years of age, with the Catholic Charities of Seattle for adoption, which order the judge has indicated will be made and entered unless he is prohibited from so doing.

The relator is the child's maternal grandmother, said by the juvenile court judge to be "a woman of unquestioned

[1] Reported in 239 P. (2d) 856.

integrity and high moral character" and to have a "deep love for the child." She cannot have physical custody of the child because of a tuberculous condition for which she is now receiving sanatorium care, and there is no certainty as to when she would be able to have the child with her. She has been paying forty dollars a month for its care in the St. Vincent de Paul Home, operated by the Catholic Charities of Seattle, the money for that purpose coming from her son, the child's uncle.

It is the relator's position that the order which the judge of the juvenile court has indicated his intention to make and enter would permit the child to be adopted without notice to her and without her consent; and that, as the child's natural guardian, she is entitled to its custody, although she concedes that she cannot actually have the child with her until her tuberculous condition is cured or arrested.

The judge of the juvenile court stated that the reasons for the intended order are the uncertainty of the prognosis as to the grandmother's recovery and the fact that as the child grows older placement in an adoptive home would become progessively more difficult.

Although neither the juvenile court judge, the King county prosecuting attorney, nor the Catholic Charities of Seattle, all of whom were served with an order to show cause why a writ of prohibition should not issue, has made a return to that show cause order, we are convinced that the writ will not lie, because the juvenile court is not acting without jurisdiction or in excess thereof (see Rem. Rev. Stat., § 1027 [P.P.C. § 17-1]), and because there is an adequate remedy by certiorari (see *In re Welfare of a Minor, ante* p. 744, 238 P. (2d) 914.

The child is a ward of the juvenile court by reason of its mistreatment and abandonment by its parents, whose whereabouts are unknown and who have been, by order of the juvenile court, deprived of custody of the child and of all their parental rights and interest in it. The juvenile court has jurisdiction of the child (Rem. Rev. Stat., § 1987-1(7) [P.P.C. § 359-1]) and has jurisdiction to determine

who shall have custody of the child, and to place it with an institution such as the Catholic Charities of Seattle for adoption (Rem. Rev. Stat., § 1987-9 [P.P.C. § 359-17]).

Rem. Rev. Stat., §§ 1027 and 1028, require the existence of two conditions to make a writ of prohibition available: (1) absence or excess of jurisdiction; (2) absence of a plain, speedy and adequate remedy in the ordinary course of legal procedure. *State ex rel. O'Brien v. Police Court,* 14 Wn. (2d) 340, 128 P. (2d) 332; *State ex rel. New York Cas. Co. v. Superior Court,* 31 Wn. (2d) 834, 199 P. (2d) 581; *State ex rel. Troy v. Superior Court,* 38 Wn. (2d) 352, 229 P. (2d) 518. As we said in *State ex rel. Prentice v. Superior Court,* 86 Wash. 90, 149 Pac. 321, and repeated in *State ex rel. Cheson v. Superior Court,* 22 Wn. (2d) 947, 157 P. (2d) 991, and *State ex rel. Case v. Superior Court,* 23 Wn. (2d) 250, 160 P. (2d) 606:

"Where the superior court has jurisdiction of the subject-matter in controversy, prohibition will not lie to prevent an erroneous exercise of such jurisdiction, where there is an adequate remedy by appeal or writ of review. The writ is not issued to prevent the commission of mere error, nor to take the place of an appeal, or perform the office of a writ of review for the correction of error. The writ will only issue to inferior courts where they are proceeding, or threatening to proceed, without, or in excess of, their jurisdiction."

Although the entire record may be before us, we cannot treat this as an application for a writ of certiorari because the juvenile court has entered no order and there is nothing before this court for review. *State ex rel. Cheson v. Superior Court, supra*; *State ex rel. Thomas v. Lawler,* 23 Wn. (2d) 87, 159 P. (2d) 622; *State ex rel. Melville v. Turner,* 37 Wn. (2d) 171, 222 P. (2d) 660; *First Nat. Bank of Everett v. Tiffany,* 38 Wn. (2d) 832, 232 P. (2d) 839.

Writ denied.