[No. 35503.    Department One.    September 29, 1960.]

EDRA MARIE ADAMS, *Plaintiff and Relator*, v. ALLSTATE IN-
SURANCE COMPANY *et al.*, *Defendants*, THE SUPERIOR
COURT OF THE STATE OF WASHINGTON FOR KING
COUNTY, *Eugene A. Wright, Judge,*
*Respondent.*[1]

[1]Reported in 355 P. (2d) 838.

*Kennett, Evans & Stafford,* for plaintiff and relator.

*Kahin, Carmody & Horswill,* for defendant Allstate Insurance Company.

*Rosling, Williams, Lanza & Kastner (Henry E. Kastner,* of counsel), for defendants and respondent.

HUNTER, J.—Relator seeks a writ prohibiting Eugene A. Wright, judge of the superior court for King county, from entering an order dropping certain parties defendant from an action.

The plaintiff-relator, Edra Marie Adams, brought an action in the superior court for King county to recover damages for personal injuries and aggravation thereof. The plaintiff joined as parties defendant: Paul Frederick Tucker and Florence Elvina Tucker, his wife, and Robert Gerald Tucker, their minor son who allegedly caused the initial injuries; certain doctors who, it is alleged, caused aggravation of the said injuries when they subsequently examined the plaintiff; and the Allstate Insurance Company, on the theory that the defendant doctors were its agents.

The doctors and the Insurance Company, by separate motions, moved for an order dropping them from the action. The motions came on for hearing on February 19, 1960, at which time the respondent judge orally ruled that he would enter the order granting the motions and dropping the defendant doctors and the defendant Insurance Company from the action.

The relator contends the respondent is without jurisdiction to enter an order dropping any defendant against whom the plaintiff has a right to proceed, pursuant to Rule of Pleading, Practice and Procedure 20, RCW Vol. 0, and seeks a writ of prohibition to prevent the entry of such an order.

■ It is a firmly established rule in this state that two conditions are required to make a writ of prohibition available: (1) An absence or excess of jurisdiction; and (2) the absence of a plain, speedy, and adequate remedy in the ordinary course of legal procedure. *In re Jones v. Superior Court,* 39 Wn. (2d) 956, 239 P. (2d) 856 (1952); *State ex rel. Troy v. Superior Court,* 38 Wn. (2d) 352, 229 P. (2d) 518 (1951); *State ex rel. New York Cas. Co. v. Superior Court,* 31 Wn. (2d) 834, 199 P. (2d) 581 (1948); *State ex rel. Western Canadian Greyhound Lines v. Superior Court,* 26 Wn (2d) 740, 175 P. (2d) 640 (1946); *State ex. rel. Case v. Superior Court,* 23 Wn. (2d) 250, 160 P. (2d) 606 (1945); *State ex rel. O'Brien v. Police Court,* 14 Wn. (2d) 340, 128 P. (2d) 332, 141 A. L. R. 1257 (1942); *State ex rel. Prentice v. Superior Court,* 86 Wash. 90, 149 Pac. 321 (1915).

■ In *State ex rel. New York Cas. Co., supra,* this court said:

". . . We have repeatedly stated that the writ of prohibition is available only where the court which is sought to be prohibited from further proceedings is acting without or in excess of its jurisdiction, and then only in cases where there is no adequate remedy by appeal. [Citations omitted.]"

We there defined jurisdiction in this context:

". . . the essential elements of jurisdiction are said to be three: (1) the court must have cognizance of the class of cases to which the one to be adjudged belongs; (2) the proper parties must be present; and (3) the point decided must be, in substance and effect, within the issues before the court. [Citations omitted.]"

■ In the instant case there can be no doubt that the three requirements have been met. The superior court has cognizance of the class of actions here involved by virtue of Art. IV, § 6, amendment 28, of the Washington constitution, and RCW 2.28.010. The proper parties had all made general appearances before the court. RCW 4.28.210. The point to be decided on the motions is within the issues before the court, and is a matter which the court is em-

powered to consider by virtue of Rule of Pleading, Practice and Procedure 20(b), RCW Vol. 0, which authorizes the superior court to order separate trials or make orders to prevent delay or prejudice, and Rule of Pleading, Practice and Procedure 21, RCW Vol. 0, which empowers the superior court to add or drop parties by order of the court on the motion of either party, or on its own initiative, at any stage of the action ". . . on such terms as are just. . . ." Thus, the superior court has the jurisdiction to make an order in the premises. Therefore, the first condition required to make a writ of prohibition available is not present and the writ cannot lie.

Writ denied.

WEAVER, C. J., DONWORTH, and OTT, JJ., concur.

MALLERY, J. (dissenting)—I think the trial court had no jurisdiction to dismiss the defendants against whom plaintiff had alleged a cause of action, and that a writ of prohibition will reach such an act.

I dissent.