[No. 52138-7. En Banc. March 27, 1986.]

CHARLES F. DOLMAN, ET AL, *Respondents,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*

*Kenneth O. Eikenberry, Attorney General,* and *Jerome E. Westby, Assistant,* for appellant.

*Brinster, Templeman & Ryan, P.S.,* by *Joseph H. Brinster* and *Jeanette Brinster,* for respondents.

BRACHTENBACH, J.—The Department of Labor and Industries appeals a trial court decree which held that the

Department was barred by a statute of limitation from collecting delinquent workers' compensation premiums and penalties. We reverse and remand.

The parties stipulated to all material facts. The question then is whether the trial court's interpretation of the applicable statutes was correct.

RCW 51.16 and RCW 51.48 establish procedures for assessing and collecting premiums due the State. The statutes which are controlling here are those in existence prior to amendments thereto enacted by Laws of 1985, ch. 315. Unless otherwise indicated, statutory references are to the statutes in effect prior to the 1985 amendments.

A Department audit in December 1980 revealed that the plaintiff–employer had failed to pay premiums for the periods of January 1, 1978, through September 30, 1980. The statute requires quarterly reports and payment of applicable premiums. RCW 51.16.060.

On May 14, 1981, the Department notified the employer that premiums of $5,715.71 were due for the period mentioned above. On June 3, 1981, the Department issued a final order claiming $5,715.71 due. The employer did not appeal, thus the amount was established. RCW 51.52.050–.060.

On October 19, 1981, the Department made written demand for payment of $8,446.95. The reason for the increased amount above the audit figure was the inclusion of estimated premiums for the two quarters beyond the audit period, plus penalties. The Department also voluntarily reduced the audit amount by $824.04, representing assessments for the first two quarters of 1978 which it unilaterally determined to be barred by the statute of limitation.

On May 24, 1982, the Department issued, pursuant to RCW 51.48.120, a notice and order of assessment declaring due premiums and penalties in the amount of $9,528.70 for the period of July 1, 1978, through March 31, 1981. We are concerned only with the period of July 1, 1978, through September 30, 1980. The parties have agreed upon the

amount due for the remaining periods.

The employer contends, and the trial court so held, that the assessments were barred by RCW 51.16.190(1), which provides:

> Any action, other than in cases of fraud, to collect any delinquent premium, assessment, contribution, penalty, or other sum due to the department from any employer subject to this title shall be brought within three years of the date any such sum became due.

The Department contends that it brought an action by issuing and serving a notice of assessment within 3 years after "discovery" of the unpaid premiums by the audit. Two questions arise. First, does the issuance of a notice of assessment constitute an action for purposes of tolling the statute of limitation? Second, does the statute start to run when premiums are "discovered" by an audit or when they become due after each quarter? We answer the first question in the affirmative. As for the second question, we hold that the discovery rule does not apply.

Regarding the first question, the statute provides a time limitation by requiring that *any action* to collect a delinquent premium, assessment and penalty must be brought within 3 years of the date any such sum becomes due. RCW 51.16.190(1). The Department contends that it brought *an action* by issuing and serving the notice of assessment while the employer argues that an action must be timely commenced in superior court or a warrant filed in superior court.

The Department relies upon the collection procedures set forth in RCW 51.48.120–.140 which authorize it to issue a notice of assessment, certifying the amount due, after an employer defaults in any payment to the state fund. These statutes also provide the employer with appeal rights and authorize the Department to file a warrant after the amount is finalized by nonaction by the employer or by a final court determination. The warrant is filed with the county clerk who enters it in the judgment docket.

On the other hand, the employer relies upon RCW

51.16.150 which provides:

> If any employer shall default in any payment to any fund the sum due shall be collected by action at law in the name of the state as plaintiff, and such right of action shall be in addition to any other right of action or remedy. . . .

Additionally, the employer relies upon RCW 51.16.160:

> All actions for the recovery of delinquent premiums, assessments, contributions, and penalties therefor due any of the funds under this title shall be brought in the superior court . . .

The employer contends that these collection procedures of RCW 51.16 are mandatory in that RCW 51.16.150 and RCW 51.16.160 state that delinquent sums *shall* be collected by an action at law and *shall* be in superior court while the collection procedures of RCW 51.48.120 and RCW 51.48.140 provide that the Department *may* issue a notice of assessment and *may* file a warrant with the county clerk. The Department's brief does not discuss, nor even cite, the seemingly mandatory language of RCW 51.16. The Department relies solely upon its notice of assessment as an action timely made, having neither brought an action in superior court nor filed a warrant there.

We find that the provisions of RCW 51.16 and RCW 51.48, if not in conflict, are at best ambiguous. RCW 51.16-.150 and RCW 51.16.160 state that actions to collect delinquent premiums shall be by an action at law in superior court. However, RCW 51.16.150 provides that the action at law is in addition to any other remedy. The notice of assessment and warrant procedures of RCW 51.48 are another remedy. The limitation statute requires that an action be brought within 3 years of the due date. RCW 51.16.190(1). If that statute is limited to superior court actions at law, there would be no statute of limitation as to the notice of assessment and warrant procedures under RCW 51.48.

▮▮ In attempting to ascertain legislative intent, we need to examine all of the applicable statutes and harmo-

nize ambiguous or conflicting provisions. *Tommy P. v. Board of Cy. Comm'rs,* 97 Wn.2d 385, 391, 645 P.2d 697 (1982). We perceive no logical reason why the statute of limitation should apply to superior court actions but not to administrative procedures. The policy reasons supporting time limitations are equally applicable to court actions and administrative proceedings. Furthermore, the word "action" in RCW 51.16.190(1) is ambiguous; it is not a word of art which carries its own definition. Upon examination of the entire statutory collection scheme we conclude that the issuance of a notice of assessment is an action within the meaning of RCW 51.16.190(1).

The second question involves the event which starts the statute of limitation running. If the notice of assessment is the tolling date, not all of the contested premiums would be valid since the quarters involved commenced July 1, 1978, while the notice of assessment was not issued until May 24, 1982. To overcome that, the Department argues that the statute does not begin to run until the Department "discovered" the default by its December 1980 audit. We do not agree.

■■ The Department cites *U.S. Oil & Ref. Co. v. Department of Ecology,* 96 Wn.2d 85, 633 P.2d 1329 (1981), wherein this court adopted the discovery rule for actions to collect penalties under RCW 90.48 for unlawful waste discharges primarily because the Department of Ecology was forced to rely upon industry self–reporting to discover violations. The policies and rationale relied upon in *U.S. Oil* are not applicable here. First, RCW 51.16.190(1) specifically provides that the action shall be barred 3 years after the sum became due, not when the Department "discovered" it. Premiums are due on the last day of the month following each quarter. RCW 51.16.060. Timely audits within the limitation period would overcome any policy arguments in favor of application of the so–called discovery rule. Additionally, while the scheme provides for self–reporting by the employer, the Department has the statutory authority to estimate and assess unreported premiums. RCW 51.16.155.

It need not rely upon self–reporting by the employer. Thus, application of a discovery rule is unnecessary here.

Our conclusion is otherwise supported. It was the administrative practice of the Department to apply the statute of limitation from the time the premiums became due at the end of each quarter and not when they were discovered by an audit. Indeed, in this case, without any action or contention by the employer, the Department voluntarily and unilaterally applied the statute to eliminate assessments for the first two quarters of 1978. No contention was made by the Department that the discovery principle should apply. Had that principle applied, the eliminated quarters would have been within the statutory time limitation. This buttresses our rejection of the *U.S. Oil* theory in this case. Administrative interpretations and procedures adopted by the agency administering an ambiguous statute are an aid to judicial interpretation. *Weyerhaeuser Co. v. Department of Ecology,* 86 Wn.2d 310, 315, 545 P.2d 5 (1976).

In sum, we hold that an action for purposes of tolling the statute of limitation includes issuance of a notice of assessment. However, the statute begins to run when the premiums are due, not when they are discovered by an audit.

In so holding, we note that the 1985 amendments are consistent with our interpretation. *See* Laws of 1985, ch. 315. The language of RCW 51.16.150 and RCW 51.16.160 which, before the amendment, provided that delinquent premiums *shall* be collected by an action at law in superior court was changed to provide that such action *may* be brought. Additionally, RCW 51.16.190 was amended to define "action" to include a notice of assessment as well as a court action. The event which starts the statute of limitation running—*i.e.,* the due date of the premiums—was not amended. Thus the statute is clear that the due date is controlling rather than discovery through an audit.

Accordingly, the Department of Labor and Industries is entitled to collect those premiums, plus appropriate penalties, which fell due within 3 years prior to May 24, 1982. Since the record does not specify the amounts due for each

quarter we are unable to ascertain the amount due. The decree is reversed and the matter remanded to superior court for determination of the amount due.

DOLLIVER, C.J., and UTTER, DORE, PEARSON, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., concur.