[Nos. 7460-5-II; 7461-3-II.   Division Two.   July 25, 1986.]

FLOOR DECORATORS, INC., ET AL, *Respondents,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, ET AL, *Appellants.*

504

*Kenneth O. Eikenberry, Attorney General,* and *Jerome Westby* and *S. Frederick Feller, Assistants,* for appellants.

*Gary Branfeld,* for respondents.

ALEXANDER, J.—The Department of Labor and Industries appeals from the Superior Court's order issuing a writ of prohibition precluding the Board of Industrial Insurance Appeals from hearing an appeal of the Department's "order and notice" to Floor Decorators, Inc. (Decorators) and E. C. Miller Co., Inc. (Miller) of additional workmen's compensa-

tion premiums. We reverse.

The Department does periodic audits of employers' industrial insurance accounts. If an employer has not been paying sufficient premiums, the Department issues an order and notice stating the additional amounts owed. Both Decorators and Miller received such notices from the Department. Decorators received its notice in the form of a letter dated July 21, 1982, indicating that it owed additional premiums of $9,857.96. This notice was made formal on March 15, 1983, when the Department sent Decorators an order and notice affirming its earlier decision to collect additional premiums and referring to the July 21, 1982 letter. On November 18, 1982, Miller received its only order and notice indicating that it owed additional premiums of $12,432.57.

Both companies were informed that any objection to the orders must be noted in the form of an appeal to the Board.[1] Each company filed such an appeal. However, just before the Board hearing, the companies separately filed complaints in Thurston County Superior Court for writs of prohibition in an attempt to prevent the Board from hearing the cases.[2]

The trial court granted writs of prohibition to both companies, concluding that the Board did not have jurisdiction to hear the appeals and that an appeal to the Board did not provide an adequate remedy to the companies.

The Department appealed the rulings to this court, and the two cases were consolidated for purposes of appeal. On May 14, 1985, Decorators made a motion to dismiss the Department's appeal, pursuant to RAP 18.9(c), arguing

[1]The order and notice included the language: "Any appeal from this order must be made to the Board of Industrial Insurance Appeals, Olympia, within 60 days from the date the order is communicated to the parties, or the same shall become final."

[2]The companies are here challenging the propriety of an appeal to the Board even though they sought administrative review of the Department's order. They each indicate that they filed appeals with the Board in order to preserve their rights in the event their challenge to the Board's jurisdiction was unsuccessful.

that the case was moot because the statute of limitations had run on the Department's claim for additional premiums. The motion was denied because the issue of mootness was deemed intertwined with the issues involved in the substantive appeal. On October 21, 1985, Miller sought dismissal of its case for identical reasons, and its motion was denied as well.

■ The first issue raised in this appeal is whether the trial court erred in granting the writ of prohibition. Two conditions are required in order for a writ of prohibition to be granted properly. First, the board or court hearing the appeal must be found to be acting without, or in excess of, its jurisdiction. Second, there must be an "absence of a plain, speedy, and adequate remedy in the ordinary course of legal procedure." *Adams v. Allstate Ins. Co.,* 56 Wn.2d 834, 836, 355 P.2d 838 (1960). RCW 7.16.290; RCW 7.16-.300. *See also Barnes v. Thomas,* 96 Wn.2d 316, 635 P.2d 135 (1981). A writ of prohibition is an extraordinary remedy, and the lack of jurisdiction must be clear and inarguable. *Barnes,* 96 Wn.2d at 318.

In order to determine whether the first condition has been met, we must decide whether the Board has jurisdiction to hear appeals from an order and notice such as those issued in this case. The Department issued its order and notice in accordance with the provisions of RCW 51.52.050. That statute sets out the procedures by which the Department can take any action including the issuance of an order or decision. The Department's action under that statute becomes final in 60 days from the date of the order unless a request for reconsideration is filed with the Department or an appeal is filed with the Board.[3] RCW 51.52.050 also provides:

---

[3]Decorators asserts that the order and notice was inadequate because it did not bear a notice that the order shall be final in 60 days if not appealed to the Department or the Board, as required by RCW 51.52.050. We disagree. Although such language was not included in the July 21, 1982 letter, it was included in the March 15, 1983 order and notice. The order and notice also incorporated the July 21 letter, thus stating an amount due, also required by RCW 51.52.050.

> Whenever the department has taken any action or made any decision relating to any phase of the administration of this title the worker, beneficiary, employer, or other person aggrieved thereby may request reconsideration of the department, *or may appeal to the board.* In an appeal before the board, the appellant shall have the burden of proceeding with the evidence to establish a prima facie case for the relief sought in such appeal. Any such person aggrieved by the decision and order of the board may thereafter appeal to the superior court, as prescribed in this chapter.

(Italics ours.)

Miller and Decorators contend that this section does not govern the present situation. Both companies assert that the cases are governed by RCW 51.48.120 and RCW 51.48-.130.

RCW 51.48.120 and RCW 51.48.130 provided, in part:[4]

> If any employer should *default* in any payment due to the state fund the director or his designee may issue a *notice of assessment* certifying the amount due, . . . Such notice shall contain the information that a petition for review must be filed with the superior court within thirty days of the date of service of the notice of assessment.

RCW 51.48.120. (Italics ours.)

> Any employer who is served with a *notice of assessment* may within thirty days from the date of service upon the employer of the notice of assessment appeal such notice of assessment by serving the director by registered mail with a petition for review and file the same with the clerk of the superior court of the county wherein the work covered by the provisions of the industrial insurance act was performed.

RCW 51.48.130. (Italics ours.)

The trial court reasoned that the action taken by the Department was an assessment, which resulted from the

---

[4]The present RCW 51.48.120 (amended by Laws of 1985, ch. 315, § 6; Laws of 1986, ch. 9, § 10), as well as the repealed RCW 51.48.130, now codified as RCW 51.48.131 (Laws of 1985, ch. 315, § 7), provide for appeal from default to the Board, and not to superior court.

companies' default. It concluded, therefore, that RCW 51.48.130 governed, and that appeal to the superior court was the exclusive remedy for the two companies. We disagree.

■■ RCW 51.48.120 specifically refers to an employer in "default." Statutes are to be interpreted according to the ordinary and everyday meaning of the words used. *New York Life Ins. Co. v. Jones,* 86 Wn.2d 44, 47, 541 P.2d 989 (1975). "If the legislature uses a term well known to the common law, it is presumed that the legislature intended it to mean what it was understood to mean at common law." *New York Life Ins. Co.,* 86 Wn.2d at 47. Default has been defined as "a failure [or] omission of that which ought to be done." Black's Law Dictionary 505 (4th ed. 1968). *See Emrich v. Connell,* 41 Wn. App. 612, 626–27, 705 P.2d 288 (1985).

In order for RCW 51.48.130 to apply to the circumstances we have here, the companies must be in default. Miller and Decorators were not in default because no clear obligation to pay existed at the time they received their notice and order from the Department. Their appeal to the Board dealt only with the propriety of the Department's initial order. It did not relate to the validity of Department action taken because of an employer's refusal to pay its obligation. In other words, the dispute centers upon the duty to pay, and is not related to the steps to be taken because of a refusal to pay.

We find further support for our view from a reading of the statute as a whole. In interpreting statutes, the court must ascertain and "give effect to the intent and purpose of the legislation as expressed in the act as a whole." *Condit v. Lewis Refrigeration Co.,* 101 Wn.2d 106, 110, 676 P.2d 466 (1984). In order to determine a statute's purpose, the court must first look to the language of the statute. *Condit,* 101 Wn.2d at 110. RCW 51.48 is entitled "Penalties", whereas RCW 51.52 is entitled "Appeals" (*see* Laws of 1961, ch. 23). These headings would appear to indicate that RCW 51.48 is not the proper chapter to govern an appeal of the type of

notice and order issued here.

In summary, it is clear that the Department's action was simply a notification of increased premiums. It was not an ultimatum requiring immediate penalties for noncompliance. Instead, the Department's action was a general order, the appeal of which is governed by RCW 51.52.050. Under RCW 51.52.050 the Board has jurisdiction to hear an appeal from such a notice and order. Thus, the first part of the test for the proper grant of writ of prohibition has not been met.

■ The second condition for the grant of a writ of prohibition also has not been met. Miller and Decorators argue that an appeal to the Board does not provide a plain, speedy, and adequate remedy because the appeal places an additional burden on the companies in that they may have to participate in two hearings (one at the Board level and possibly one in superior court). We find no merit in this contention. Delay and expense do not render remedies inadequate. *ITT Rayonier, Inc. v. Hill,* 78 Wn.2d 700, 705, 478 P.2d 729 (1970). The fact that the employers may suffer some inconvenience as a result of participating in another hearing does not render an appeal to the Board inadequate.

The second argument made by Miller and Decorators is their assertion that the statute of limitations has run on the Department's ability to collect the additional premiums, thus rendering this appeal moot. Miller and Decorators rely on RCW 51.16.190(2) in support of their contention that the statute has run. This section provides:

> (2) Any action, other than in cases of fraud, to *collect any delinquent premium,* assessment, contribution, penalty, or other sum due to the department from any employer subject to this title shall be brought within three years of the date any such sum became due.

(Italics ours.)

We decline to address this issue because we believe it is not properly before us. The aforementioned statute of limitations serves to limit the time in which the Department

may bring an action to collect delinquent premiums. The proceeding before the Board, as we have already noted, was not a collection action. It is, therefore, not the proper time to assert the running of the statute.

We recognize that if the statute of limitations has run, the issue before us is arguably moot.[5] However, a court may decide an appeal "when it can be said that matters of continuing and substantial public interest are involved." *Sorenson v. Bellingham,* 80 Wn.2d 547, 558, 496 P.2d 512 (1972). We find that the matter before us is of substantial public interest and thus dismissal of the appeal is not required even if the statute of limitations has run.

Accordingly, we reverse.

REED, A.C.J., and PETRICH, J., concur.

Review granted by Supreme Court October 29, 1986.

Review dismissed December 5, 1986.

---

[5]We note the recent case of *Dolman v. Department of Labor & Indus.,* 105 Wn.2d 560, 716 P.2d 852 (1986), in which our Supreme Court held that the applicable statute of limitations (cited as RCW 51.16.190(1) in *Dolman,* but later codified as RCW 51.16.190(2) as a result of the amendment, Laws of 1985, ch. 315, § 5) begins to run when premiums are due rather than the date it is discovered by audit that premiums are due. It further held, however, that the statute of limitations is tolled by the issuance of a notice of assessment. Here, ironically, the Department argues that it has not issued a notice of assessment, an argument which is supportive of Decorators and Millers' argument that the statute of limitations has long since run.