[No. 8483-3-III. Division Three. June 2, 1988.]

CONSOLIDATED DISPOSAL SERVICES, INC., *Respondent*, v.
GRANT COUNTY, *Petitioner*.

*Paul A. Klasen, Prosecuting Attorney,* and *James Cleland, Deputy,* for petitioner.

*Paul White* and *Baird & White,* for respondent.

McINTURFF, C.J.—Grant County seeks review of a writ of prohibition entered against it February 20, 1987, restraining the placement of drop boxes for garbage collection at any location other than the county maintained transfer stations and solid waste disposal sites. The order was the result of a complaint filed by Consolidated Disposal Services, Inc. (CDSI) seeking injunctive relief and damages. The complaint alleged Grant County provided garbage collection for the county fairgrounds and for private businesses in the towns of Warden and Quincy in contravention of RCW 36.58.030 and 36.58.040. We granted the County's motion for discretionary review.

CDSI holds a permit from the Washington Utilities and Transportation Commission authorizing it to transport solid waste throughout Grant County, with the exception of Moses Lake, Crescent Bar and an area around Mattawa. Mr. Daniel M. Dietrich, president of CDSI, observed a county drop box at Forney Fruit and Produce, Quincy, and the Asgrow Seed Company, Warden, then filed this action to prevent the County from maintaining those drop boxes. At oral argument, the County admitted it no longer provides drop boxes in Warden and Quincy and is not interested in further pursuing that issue. However, the County continues to argue it is entitled to maintain and service a drop box at the county fairgrounds. To the extent that service is affected by the writ of prohibition it will be considered in this opinion.

The single, dispositive issue raised by the County is, did the court err in ordering the writ?

The County has no powers except those conferred on it by state law. *State ex rel. Taylor v. Superior Court,* 2 Wn.2d 575, 579, 98 P.2d 985 (1940). RCW 36.01.010[1] enumerates the corporate powers of the counties. Those powers related to solid waste are found in RCW 36.58, and include provisions for establishment of transfer stations (which do not include detachable containers), RCW 36.58.030; solid waste disposal systems, RCW 36.58.040; districts, RCW 36.58.100; and a solid waste *collection* district, RCW 36.58A.010[2] and RCW 36.58A.030.[3] Nothing in the record

---

[1]RCW 36.01.010 provides:

"Corporate powers. The several counties in this state shall have capacity as bodies corporate, to sue and be sued in the manner prescribed by law; to purchase and hold lands; to make such contracts, and to purchase and hold such personal property, as may be necessary to their corporate or administrative powers, and to do all other necessary acts in relation to all the property of the county."

[2]RCW 36.58A.010 states:

"Authorized—Conditions—Modification or dissolution of district. Any county legislative authority may establish solid waste collection districts within the county boundaries for the mandatory collection of solid waste: *Provided,* That no such district shall include any area within the corporate limits of any city or town without the consent of the legislative authority of the city or town. Such districts may be established only after approval of a coordinated, comprehensive solid waste management plan adopted pursuant to chapter 134, Laws of 1969 ex. sess. and chapter 70.95 RCW or pursuant to another solid waste management plan adopted prior to May 21, 1971 or within one year thereafter. The legislative authority of the county may modify or dissolve such district after a hearing as provided for in RCW 36.58A.020."

[3]RCW 36.58A.030 states:

"County legislative authority determination required to establish district— Commission findings as to present services. No solid waste collection district shall be established in an area within the county boundaries unless the county legislative authority, after the hearing regarding formation of such district, determines from that hearing that mandatory solid waste collection is in the public interest and necessary for the preservation of public health. Such determination by the county legislative authority shall require the utilities and transportation commission to investigate and make a finding as to the ability and willingness of the existing garbage and refuse collection companies servicing the area to provide the required service.

"If the utilities and transportation commission finds that the existing garbage and refuse collection company or companies are unable or unwilling to provide the required service it shall proceed to issue a certificate of public need and necessity

indicates Grant County has established a solid waste collection district; therefore any garbage collection system[4] operated by the County is without authority.

We now focus on the remedy and whether the writ of prohibition is proper. RCW 7.16.290 provides:

> The writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tribunal, corporation, board or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person.

The statutory writ grants superior courts power to control administrative, legislative or executive acts where those acts exceed the jurisdiction of the board or tribunal. *Citizens Coun. Against Crime v. Bjork,* 84 Wn.2d 891, 894, 529 P.2d 1072 (1975) (citing *Winsor v. Bridges,* 24 Wash. 540, 64 P. 780 (1901)); *Coughlin v. Seattle Sch. Dist. 1,* 27 Wn. App. 888, 892, 621 P.2d 183 (1980). This statutory writ is similar to the authority granted the Supreme Court by article 4, section 4, of the state constitution restraining the exercise of unauthorized judicial or quasi–judicial power. *Citizens Coun.,* at 893; *Seattle v. Rohrer,* 69 Wn.2d 852, 853, 420 P.2d 687 (1966).

Cases cited by the County, *State ex rel. New York Cas. Co. v. Superior Court,* 31 Wn.2d 834, 199 P.2d 581 (1948); *State ex rel. Ernst v. Superior Court,* 198 Wash. 133, 87 P.2d 294 (1939); *State ex rel. Bennett v. Taylor,* 54 Wash. 150, 102 P. 1029 (1909); and *State ex rel. Miller v. Superior Court,* 40 Wash. 555, 82 P. 877 (1905), involve applications filed directly with the Supreme Court; they are distinguishable from the case at bench—they do not involve an application under RCW 7.16.290.

---

to any qualified person or corporation in accordance with the provisions of RCW 81.77.040."

[4]We decline to reach the issue of whether the County's collection of garbage at the fairgrounds constitutes a "system". The only issue presented in this discretionary review is the validity of the writ of prohibition.

In *Barnes v. Thomas,* 96 Wn.2d 316, 635 P.2d 135 (1981) petitioner applied for a writ of prohibition to prevent the Department of Social and Health Services from holding a hearing regarding an overpayment. The court, at pages 318–19, affirmed the denial of the writ and stated:

First, we state the long established law that a writ of prohibition is an extraordinary remedy available only where the tribunal is clearly and inarguably acting in a matter where there is an inherent, entire lack of jurisdiction:

the writ of prohibition will only issue where there is no adequate remedy by appeal or otherwise. *State ex rel. New York Cas. Co. v. Superior Court,* 31 Wn. (2d) 834, 199 P. (2d) 581 [1948]; Rem. Rev. Stat., § 1028 . . . But where the court is attempting to proceed entirely without jurisdiction, we have held that the remedy by appeal is inadequate and prohibition will lie. *State ex rel. Western Canadian Greyhound Lines* [Ltd.] *v. Superior Court,* 26 Wn. (2d) 740, 175 P. (2d) 640 [1946].

*State ex rel. Munro v. Superior Court,* 35 Wn.2d 217, 221, 212 P.2d 493 (1949). *See also Alaska Airlines, Inc. v. Molitor,* 43 Wn.2d 657, 263 P.2d 276 (1953); RCW 7.16-.300.

Total and inarguable absence of jurisdiction cannot be adequately remedied by appeal. *State ex rel. Maurer v. Superior Court,* 122 Wash. 555, 211 P. 764 (1922); *State ex rel. Waterman v. Superior Court,* 127 Wash. 37, 220 P. 5 (1923). In the instant case, however, there is no clear absence of jurisdiction, and the appeal remedy is adequate to protect petitioner's interest. . . . By appearing and requesting a hearing he may have waived that objection. But even had he not waived it, a writ of prohibition should not issue. As we said in *State ex rel. Martin v. Superior Court,* 101 Wash. 81, 92, 172 P. 257, 4 A.L.R. 572 (1918):

Where, however, the question is whether the court, acting within the scope of its admitted jurisdiction, has acquired jurisdiction over the parties or the particular subject–matter, the writ will not issue.

Under the administrative procedure act, petitioner can appeal the jurisdictional issue following the hearing. Thus, the writ was correctly denied.

. . . Issuance of the writ is a matter of discretion, and we find no abuse in the court's refusal to grant the remedy under these facts.

It is important to note, DSHS in *Barnes* was acting in a judicial or quasi–judicial manner by attempting to hold a hearing to determine whether an overpayment had been made. The definition of jurisdiction is found in *Adams v. Allstate Ins. Co.,* 56 Wn.2d 834, 836, 355 P.2d 838 (1960) (quoting *State ex rel. New York Cas. Co.,* at 840):

[T]he essential elements of jurisdiction are said to be three: (1) the court must have cognizance of the class of cases to which the one to be adjudged belongs; (2) the proper parties must be present; and (3) the point decided must be, in substance and effect, within the issues before the court. [Citations omitted.]

Even though the writ in *Adams* was not filed under the statute, the definition is applicable. *See Floor Decorators, Inc. v. Department of Labor & Indus.,* 44 Wn. App. 503, 506, 722 P.2d 884, *review dismissed,* 107 Wn.2d 1019 (1986) (application for writ under RCW 7.16 to preclude Department of Labor and Industries from hearing an appeal, citing *Adams*). Here, Grant County was not acting in a judicial or quasi–judicial manner but in an administrative capacity, even though without authority.

The second requirement to support the issuance of a writ must be the absence of a plain, speedy, and adequate remedy in the ordinary course of legal procedure. *Floor Decorators* (citing *Adams*), RCW 7.16.290, RCW 7.16.300 and *Barnes.* CDSI again fails, for in its complaint it prayed for damages, and reiterates in its brief the need for trial on damages. This remedy is adequate.

CDSI argues it is entitled to have the County enjoined from its unauthorized act, be it by writ of prohibition or some other form of injunctive relief, and asks this court to affirm the trial court on either ground. Arguably, CDSI has grounds to enjoin the County from collecting garbage under RCW 7.40 (injunctions). However, the grounds for issuing an injunction differ from those for a writ of prohibition and

require the party obtaining the injunction to enter into a bond.

The writ of prohibition is quashed; the cause is remanded to the superior court for a final determination on the merits.

MUNSON and THOMPSON, JJ., concur.