[No. 6881–4–I.  Division One.  January 28, 1980.]

GILBERT BARNES, *Appellant*, v. GERALD THOMAS, *Respondent*.

*Elizabeth Schott* of *Evergreen Legal Services,* for appellant.

*Slade Gorton, Attorney General,* and *Frederick S. Staatz, Assistant,* for respondent.

DORE, J.—Gilbert Barnes appeals from an order denying his application for a writ of prohibition.

## ISSUES

1. Should a writ of prohibition have been issued because the Department of Social and Health Services lacked jurisdiction under RCW 74.08.070 to determine whether Barnes had received an overpayment of public assistance and overissue of food stamps?

2. Was it error to deny Barnes' application for a writ of prohibition on the ground that he had a plain, speedy and adequate remedy at law?

## FACTS

The Department of Social and Health Services (Department) notified Barnes that he and his wife had received an overissue of food stamp coupons and overpayment of public assistance. Barnes was informed of his right to request an administrative hearing to contest the Department's determination. Barnes requested a hearing, but subsequently moved to dismiss the administrative proceeding on the

ground that the Department lacked jurisdiction. When the hearing examiner denied his motion to dismiss, Barnes filed an application for a writ of prohibition in the Superior Court. He appeals from the findings of fact, conclusions of law and order denying his application.

## DECISION

ISSUE 1: The Department had jurisdiction to conduct a fair hearing.

Barnes contends that because he was not an applicant for or a recipient of public assistance at the time he received a notice from the Department concerning overpayment, the Department lacked jurisdiction to conduct a fair hearing under RCW 74.08.070. We disagree.

█ RCW 74.08.070, in effect at the time Barnes requested a hearing, provided:

> Any applicant or *recipient* feeling . . . aggrieved by the decision of the department or any authorized agency of the department shall have the right to a fair hearing to be conducted by the director of the department or by a duly appointed, qualified and acting supervisor thereof, or by an examiner especially appointed by the director for such purpose.

(Italics ours.) A recipient is defined in RCW 74.04.005(9) as:

> Any person *receiving assistance* or currently approved to receive assistance at any future date and in addition those dependents whose needs are included in the recipient's grant.

(Italics ours.) In determining whether Barnes was a "recipient," we are bound by certain rules of construction:

> The main purpose of statutory interpretation is first to ascertain and then to give effect to the legislative intention. In discharging this duty, the court first looks at the language of the statute. If the language is clear and the meaning plain, the statute needs no construction and the courts will neither read into it things which are not there nor amend it by construction. A statute should be read as a whole and legislative intent derived from it as a whole. Legislative intent cannot be ascertained from a single

sentence or even a solitary isolated paragraph, for the meaning of a particular part or section of a statute is to be taken in context with the parts or sections in which it is found.

(Citations omitted.) *State ex rel. Tarver v. Smith,* 78 Wn.2d 152, 155–56, 470 P.2d 172 (1970).

▇▇ In applying these rules of construction, we hold that Barnes was a "recipient" of public assistance even though he was not approved to receive assistance or was not receiving assistance. RCW 74.04.005(14) states that "[i]n the construction of words and phrases used in this title, . . . the present tense shall include the past and future tenses, unless the context thereof shall clearly indicate to the contrary." Thus, the definition of the term "recipient" includes not only those persons receiving assistance but also those who have in the past received assistance. This interpretation is consistent with the language of the statute and also furthers the policy of providing a uniform administrative system for determining the disbursements of public funds for public assistance. We recognize that the fair hearing provisions of RCW 74.08.070 were not intended to create a forum for litigating general grievances against the Department; *State ex rel. Tarver v. Smith, supra;* however, it is apparent from the legislative scheme that all major issues regarding eligibility for public assistance should be determined under a uniform administrative procedure. We hold that Barnes was a "recipient" of public assistance and that the Department had jurisdiction under RCW 74.08.070 to conduct a fair hearing. Since the Department did not act in excess of its jurisdiction, it was not error to deny the writ of prohibition. *Johnson v. Pate,* 54 Wn.2d 148, 338 P.2d 131 (1959).

ISSUE 2: Barnes had an adequate speedy remedy by appeal under the administrative procedures act.

In *Johnson v. Pate, supra* at 149, the court stated:

The writ of prohibition is an extraordinary remedy and is available only where an inferior court is acting without or in excess of its jurisdiction *and there is no plain,*

*speedy, or adequate remedy, in the ordinary course of law,* from the decision it renders or may render. It does not lie merely because the court decides erroneously or in excess of its jurisdiction. As a prerequisite to its issue, there must be no other adequate remedy, either by appeal or writ of review from the challenged decision.

(Italics ours.) *Adams v. Allstate Ins. Co.,* 56 Wn.2d 834, 355 P.2d 838 (1960). The determination of what is a plain, speedy and adequate remedy depends upon the facts of each case and rests within the discretion of the trial court. *State ex rel. O'Brien v. Police Court,* 14 Wn.2d 340, 128 P.2d 332, 141 A.L.R. 1257 (1942).

Here, the Department of Social and Health Services is not excluded under RCW 34.04.150 of the administrative procedures act and is, therefore, subject to its provisions. Further, under RCW 74.08.080 there is a right to judicial review of the decision rendered at the hearing provided in RCW 74.08.070 in accordance with RCW 34.04, the administrative procedures act. *See Whitehead v. Department of Social & Health Servs.,* 92 Wn.2d 265, 595 P.2d 926 (1979). Upon review, the trial court may reverse the agency's decision if the rights of the petitioner have been prejudiced because the agency acted in excess of its statutory authority or jurisdiction. RCW 34.04.130(6)(b). We hold that Barnes' right of appeal under the administrative procedures act was a plain, speedy and adequate remedy, and it was, therefore, not error to deny his application for a writ of prohibition. *Bock v. State Bd. of Pilotage Comm'rs,* 91 Wn.2d 94, 586 P.2d 1173 (1978).

CONCLUSION

We conclude that:

1. The trial court properly denied Barnes' application for a writ of prohibition.

2. Barnes was a "recipient" of public assistance under RCW 74.04.005(9) and RCW 74.08.070 because he had received assistance in the past.

3. Barnes had a plain, speedy and adequate remedy by appeal under the administrative procedures act from the

final decision rendered at the fair hearing held pursuant to RCW 74.08.070.

Affirmed.

CALLOW, C.J., and JAMES, J., concur.

Reconsideration denied March 6, 1980.

Review granted by Supreme Court May 9, 1980.