[No. 36028-1-I.   Division One.   April 29, 1996.]

VINCENT COLUCCIO, *Appellant*, v. KING COUNTY, *Respondent*.

46

*Jeffrey A. Smyth* and *Adolph & Smyth, P.S.*, for appel-lant.

*Norm Maleng, Prosecuting Attorney*, and *Margaret A. Pahl, Deputy*, for respondent.

COLEMAN, J. — In this case we are asked to determine whether the prior adjudication requirement of RCW 84.69.020 is satisfied when there has not been any determination that the property assessment at issue is excessive or unlawful but there has been such an adjudication covering a subsequent assessment. We hold that the statute requires an adjudication expressly addressing the particular assessment year at issue. Under *Longview Fibre Co. v. Cowlitz County*, 114 Wn.2d 691, 790 P.2d 149 (1990), a taxpayer is not entitled to equitable relief when the statutory method for obtaining relief has not been followed. Because the taxpayer in the present case did not comply with the statutory procedures for obtaining relief, we affirm.

Vincent Coluccio owns two parcels of real property in King County. The assessed value of these parcels increased dramatically between 1986 and 1988.

| Assessment Year | Parcel 1 Original | Parcel 2 Original |
| --- | --- | --- |
| 1984 | $ 50,300 | $ 85,000 |
| 1986 | 63,900 | 90,700 |
| 1988 | 251,800 | 1,215,000 |
| 1990 | 340,600 | 1,660,000 |
| 1992 | 415,500[1] | 2,025,800 |

In 1992, the King County Board of Equalization (Board) reviewed the assessments for that year on its own motion after receiving letters from Coluccio's neighboring property owners indicating a gross inequity in assessments. The Board concluded that the 1992 assessment erroneously reflected the market for property zoned for manufacturing use. Coluccio's property was zoned for considerably

---

[1]The 1992 assessed value for parcel 1 was subsequently reduced to $402,100 to correct for the erroneous inclusion of a building that had been destroyed.

less intensive uses, and the Board reduced the 1992 assessment for each parcel by approximately 90 percent.

After receiving that ruling, Coluccio petitioned the Board to reconvene to equalize the 1988 and 1990 assessments. The Board denied his petition. The Board was precluded from reconsidering the 1988 assessment under WAC 458–14–127(7), which stated that "[n]o board shall reconvene later than three years after the adjournment of its regularly convened session." The Department of Revenue ruled that the Board could reconvene for the 1990 assessment, and the Board subsequently reduced that year's valuation. After these decisions, each parcel had the following assessment history.

| Assessment Year | Parcel 1 Adjusted | Parcel 2 Adjusted |
| --- | --- | --- |
| 1984 | $ 50,300 | $ 85,000 |
| 1986 | 63,900 | 90,700 |
| 1988 | 251,800 | 1,215,000 |
| 1990 | 57,600 | 229,600 |
| 1992 | 47,500 | 229,600 |

Coluccio commenced an action in King County Superior Court pursuant to RCW 84.69.020 for a refund of excess taxes paid on the basis of the 1988 and 1990 assessments. Each assessment governs property taxes owed for the succeeding two years. The parties settled the claim for the 1991 and 1992 taxes, which were based on the 1990 valuation. Coluccio and King County each moved for partial summary judgment on refund of the 1989 and 1990 taxes, which were based on the 1988 valuation. The trial court denied Coluccio's motion and granted summary judgment in favor of King County.

■ When reviewing an order of summary judgment, the appellate court engages in the same inquiry as the trial court. When, as here, the parties do not dispute the material facts, summary judgment is proper if the moving party

is entitled to judgment as a matter of law. CR 56(c); *Marincovich v. Tarabochia*, 114 Wn.2d 271, 274, 787 P.2d 562 (1990).

We first consider Coluccio's contention that RCW 84.69.020(12) authorizes a refund of a portion of the property taxes he paid based on the 1988 assessment. Under RCW 84.69.020(12), property taxes must be refunded whenever they are

> [p]aid on the basis of an assessed valuation which was adjudicated to be unlawful or excessive: *PROVIDED*, That the amount refunded shall be for the difference between the amount of tax which was paid on the basis of the valuation adjudged unlawful or excessive and the amount of tax payable on the basis of the assessed valuation determined as a result of the proceeding[.]

At issue here is the adjudication requirement. King County argues that the statute requires an adjudication for a particular assessment year. Thus, because the Board's orders concerned only the 1992 and 1990 assessments, the 1988 assessment has not been adjudicated excessive. Coluccio urges a broader reading of the term, requiring only the "equivalent" of a determination. Under Coluccio's definition, an adjudication occurs when one can deduce, from a determination that an assessment for one year is excessive, that a prior assessment is excessive. Thus, because the 1992 and 1990 assessments were found excessive and there was no change in circumstances affecting the value of Coluccio's property between 1988 and 1990, it can be assumed that the 1988 assessment was also excessive and should be reduced by the same percentage applied to the original 1990 valuation.

██ Rules of statutory construction require courts to ascertain and give effect to the intent of the Legislature. To do so, courts look first to the statutory language. *State v. Hoyt*, 79 Wn. App. 494, 496, 904 P.2d 779 (1995); *Barnes v. Thomas*, 25 Wn. App. 515, 517, 610 P.2d 922 (1980), *aff'd*, 96 Wn.2d 316 (1981). RCW 84.69.020(12) requires a

prior adjudication. "Adjudication" is defined as "the formal giving or pronouncing a judgment or decree in a court proceeding; also the judgment or decision given." BLACK'S LAW DICTIONARY at 42 (6th ed. 1990). The focus is on the conclusions of the adjudicating body. An adjudication is therefore limited to the issues addressed in that body's order or judgment; it does not include implied findings and conclusions. A reading of the provision as a whole confirms that the Legislature contemplated an express adjudication. The provision assumes that the prior adjudication has both (1) found the particular assessment excessive or unlawful and (2) calculated the correct valuation for that year. The plain language of RCW 84.69.020(12) requires a specific adjudication for a given year. When statutory language is clear and unambiguous, there is no need for judicial interpretation. *State v. Thomas*, 121 Wn.2d 504, 512, 851 P.2d 673 (1993); *Barnes*, 25 Wn. App. at 517.

We are not convinced that *Malland v. Department of Retirement Sys.*, 103 Wn.2d 484, 694 P.2d 16 (1985) requires a different result. That case involved the disability retirement allowance statute, RCW 41.26, which provided for periodic reexamination of persons who have been granted disability allowances. The Supreme Court interpreted that statute as requiring a showing of changed circumstances before the allowance could be canceled. *Malland*, 103 Wn.2d at 491. *Malland* concerned interpretation of an ambiguous statute which did not contain the term "adjudication." The present case, in contrast, is purely a matter of statutory construction.

A plain reading of the statute does not render RCW 84.69.020(12) redundant to RCW 84.69.020(9). Subsection (9) mandates that a refund of excess taxes be "[p]aid on the basis of an assessed valuation which was appealed to the county board of equalization and ordered reduced by the board." Subsection (9) addresses matters adjudicated excessive or unlawful by the Board only. Subsection (12) is broader; although it encompasses adjudications by the

Board, it does not limit the judicial or administrative bodies in which the adjudication may be obtained.

The record does not support Coluccio's argument that the 1988 assessment was before the Board and therefore was necessarily adjudicated excessive. The Board's original decision encompassed only the 1992 assessment, and that decision gives no indication that assessments in other years were before the Board in that proceeding. When asked to reconsider the 1990 valuation, the Board reduced that assessment but, again, without mentioning the 1988 assessment. In fact, WAC 458–14–127(7) prevented the Board from revisiting the 1988 assessment. That assessment has not been adjudicated excessive or unlawful, and, therefore, Coluccio is not entitled to relief under RCW 84.69.020(12).

██ We next address Coluccio's request, under *Roon v. King County*, 24 Wn.2d 519, 166 P.2d 165 (1946), for this court to invoke its "inherent equitable power" and grant him relief. In *Roon*, our Supreme Court considered whether a statute permitting refunds for taxes paid under protest diminished the power of state courts to grant equitable relief in cases involving the validity of a tax. The Supreme Court held that state courts retained their equitable power and could exercise it "when the occasion demands." *Roon*, 24 Wn.2d at 527. The court found no occasion to do so there, however, because the taxpayer did not pay her property taxes and waited until three years after foreclosure to challenge them. *Roon*, 24 Wn.2d at 527.

More recently, the Supreme Court denied a taxpayer equitable relief when there was a statute establishing the right to relief but the taxpayer did not follow the requirements of that statute. *Longview Fibre Co. v. Cowlitz County*, 114 Wn.2d 691, 790 P.2d 149 (1990). That case addressed the same statutory scheme involved in *Roon*. Under RCW 84.68.020, a taxpayer who deems his or her property taxes to be unlawful or excessive may pay them under written protest and bring an action in superior

court to recover the excess taxes paid. *Longview Fibre*, 114 Wn.2d at 693–94. The Supreme Court interpreted that statute to require taxpayers who pay in installments to protest each installment to preserve the right to a full refund. *Longview Fibre*, 114 Wn.2d at 694. Because the taxpayer in that case paid its first installment without protest, it was not entitled to full relief under the statute. Recognizing that the result was "harsh," the Supreme Court nonetheless declined to grant equitable relief. The court noted that the taxpayer failed to comply with the formal requirements of the protest statute and stated that equitable relief could not be granted "in contravention of a statutory requirement." *Longview Fibre*, 114 Wn.2d at 699 (citing *Department of Labor & Indus. v. Dillon*, 28 Wn. App. 853, 855, 626 P.2d 1004 (1981)).

Under *Longview Fibre*, equitable relief is not appropriate when the reason there appears to be no adequate remedy at law is the taxpayer's failure to follow the requirements of the statute providing a remedy. *Accord Guy F. Atkinson Co. v. State*, 66 Wn.2d 570, 575, 403 P.2d 880 (1965) (when statute grants right to recover overpayment of tax and imposes time constraints for recovery, taxpayer must act within that time period to exercise right to recover). In the present case, as in *Longview Fibre*, there is a remedy provided by statute. A taxpayer may protest, upon paying property taxes pursuant to RCW 84.68 and seek relief in superior court. Alternatively, a taxpayer may pay the taxes without protest and file a claim for an administrative refund under RCW 84.69. Coluccio did not pursue either option within the corresponding statutory requirements.

Coluccio paid the greatly increased property taxes calculated from the 1988 assessment without protest. He sought a partial refund of those taxes more than four years later, after the Board reduced the 1992 assessment. There is no evidence suggesting Coluccio considered the taxes excessive or erroneous until the Board equalized the 1992 valuation on its own motion. To the contrary, he

argued before the Board in the first hearing that the original 1992 assessment was correct. By the time the 1992 assessment was reduced, the Board no longer had authority to revisit the 1988 assessment. Coluccio did not seek an administrative refund within three years of the date the Board adjourned its regular session during the assessment year, as required by WAC 458–14–127(7). By failing to contest the 1988 assessment in a timely manner, Coluccio accepted the correctness of that valuation, thereby assuming the risk that he might wish to challenge it after the statutory time period to do so had expired.

Coluccio was not denied a remedy at law; he simply did not pursue the remedy available to him in a timely manner. Although the result here, as in *Longview Fibre*, is harsh, it is compelled by Coluccio's failure to comply with the requirements prescribed by statute.

The judgment of the trial court is affirmed.

GROSSE and BECKER, JJ., concur.

Review denied at 130 Wn.2d 1016 (1996).