IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| KEITH CANEER, individually and on behalf of all others similarly situated,<br><br>              Appellants,<br><br>       v.<br><br>THE KROGER CO., a foreign corporation, d/b/a QUALITY FOOD CENTERS, INC. ("QFC"); WHOLE FOODS MARKET PACIFIC NORTHWEST, INC., a foreign corporation; SAFEWAY, INC., a foreign corporation; and TOWN & COUNTRY MARKETS, INC., a Washington corporation,<br><br>              Respondents. | No. 85009-1-I<br><br>DIVISION ONE<br><br><br><br>UNPUBLISHED OPINION |

BOWMAN, J. — In 2022, several grocery stores charged sales tax on Keith Caneer's purchase of 100 percent juice beverages. Caneer filed a putative class action lawsuit, alleging that the beverages were exempt from sales tax and that the grocers violated the retail sales tax act (RSTA), chapter 82.08 RCW, violated the Consumer Protection Act (CPA), chapter 19.86 RCW, and unlawfully converted the collected taxes. The trial court dismissed Caneer's complaint under CR 12(b)(6) because he did not follow the procedures for seeking a tax refund under RCW 82.32.180. We affirm.

FACTS

In March 2022, Caneer purchased 100 percent juice drinks from four major grocery stores, the Kroger Co. d/b/a Quality Food Centers Inc., Whole

Foods Market Pacific Northwest Inc., Safeway Inc., and Town & Country Markets Inc. (collectively Grocers). Each store charged Caneer sales tax on the items, recorded the transaction on a receipt, and gave him a copy of the receipt.

In June 2022, Caneer filed a putative class action lawsuit against the Grocers in King County Superior Court.[1] In his complaint, Caneer alleged that 100 percent juice beverages are exempt from sales tax, so the Grocers "wrongfully, unfairly, and improperly collected sales tax on exempt items." He claimed the Grocers violated the RSTA and CPA and unlawfully converted the purported taxes. For his RSTA and conversion claims, Caneer sought damages "for the amounts unlawfully collected." And for the CPA claim, Caneer claimed injury in the amount of the sales tax. He asked to "recover treble damages, attorneys' fees, and costs pursuant to RCW 19.86.090" and for "a permanent injunction prohibiting [the Grocers] from collecting sales tax on exempt food items."[2]

Safeway moved to dismiss Caneer's claims under CR 12(b)(6). It argued that the legislature provides an exclusive process to challenge an erroneous tax payment under RCW 82.32.180 by seeking a tax refund from the Department of Revenue (DOR) in the Thurston County Superior Court. And even if his claims fell outside the scope of that statute, Safeway argued the facts alleged in Caneer's complaint did not support his allegations. Safeway also argued

---

[1] Caneer amended his complaint in July 2022. His claims were unchanged in the amended complaint. And while Caneer filed a class action lawsuit, the court did not rule on certification under CR 23. So, we refer to only Caneer individually.

[2] We note that RCW 82.32.150 bars the court from enjoining the collection of any tax unless the assessment "was in violation of the Constitution of the United States or that of the state."

Caneer's CPA claim failed as a matter of law. Kroger also moved to dismiss the complaint and adopted Safeway's arguments. Kroger further alleged that Caneer failed to exhaust his administrative remedies under Washington's tax regulations. Whole Foods and Town & Country joined both motions to dismiss. The trial court granted the motions and dismissed Caneer's complaint without prejudice.

Caneer appeals.[3]

ANALYSIS

Caneer argues the trial court erred by dismissing his claims. We review de novo an order granting a motion to dismiss under CR 12(b)(6). *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 180 Wn.2d 954, 962, 331 P.3d 29 (2014).

A CR 12(b)(6) motion challenges the legal sufficiency of the allegations in a complaint. *McAfee v. Select Portfolio Servicing, Inc.*, 193 Wn. App. 220, 226, 370 P.3d 25 (2016). Dismissal under the rule is appropriate only when it appears beyond doubt that a plaintiff cannot show any set of facts consistent with their complaint that would entitle them to relief. *Bravo v. Dolsen Cos.*, 125 Wn.2d 745, 750, 888 P.2d 147 (1995). We grant such motions " 'sparingly and with care,' and only in the unusual case in which the plaintiff's allegations show on the face of the complaint an insuperable bar to relief." *San Juan County v. No New Gas Tax*, 160 Wn.2d 141, 164, 157 P.3d 831 (2007) (quoting *Tenore v. AT&T Wireless Servs.*, 136 Wn.2d 322, 330, 962 P.2d 104 (1998)).

---

[3] Caneer moved to file an amended appellate brief. We grant his motion.

In considering a CR 12(b)(6) motion, we presume that all facts alleged in the plaintiff's complaint are true. *Tenore*, 136 Wn.2d at 330. Any hypothetical situation conceivably raised by the complaint defeats a CR 12(b)(6) motion if it is legally sufficient to support the plaintiff's claim. *Bravo*, 125 Wn.2d at 750. But if a plaintiff's claim remains legally insufficient after considering the facts in the complaint and any proffered hypotheticals, dismissal under CR 12(b)(6) is appropriate. *Gorman v. Garlock, Inc.*, 155 Wn.2d 198, 215, 118 P.3d 311 (2005).

Washington imposes an excise tax known as a "retail sales" tax on the selling price of each retail transaction of tangible goods in the state. RCW 82.08.020(1)(a). The retail sales tax is calculated based on the price of the item sold. RCW 82.08.010(1)(a)(i). But the retail sales tax does not apply to "food and food ingredients." RCW 82.08.0293(1). "Food and food ingredients" include "substances, whether in liquid, concentrated, solid, frozen, dried, or dehydrated form, that are sold for ingestion or chewing by humans and are consumed for their taste or nutritional value." *Id.* While the retail sales tax applies to "soft drinks," it does not apply to beverages that are "greater than [50] percent of vegetable or fruit juice by volume." RCW 82.08.0293(2)(d).

It is the legislature's role to "direct by law, in what manner, and in what courts, suits may be brought against the state." WASH. CONST. art. II, § 26. The legislature has determined that nonconstitutional tax challenges must proceed in accordance with Title 82 RCW. *Lakeside Indus., Inc. v. Dep't of Revenue*, 1 Wn.3d 150, 157-58, 524 P.3d 639 (2023). Title 82 RCW authorizes de novo review of excise tax challenges, "but it includes statutory requirements for such

review." *Id.* at 157. RCW 82.32.180 amounts to a conditional, partial waiver of the sovereign immunity afforded by article II, section 26 of the Washington Constitution. *Lacey Nursing Ctr., Inc. v. Dep't of Revenue*, 128 Wn.2d 40, 52, 905 P.2d 338 (1995). As such, taxpayers who sue for a refund of an excise tax must bring their suit against the state " 'in the manner provided by the statute.' "[4] *Id.* (quoting *Guy F. Atkinson Co. v. State*, 66 Wn.2d 570, 575, 403 P.2d 880 (1965)).

Under RCW 82.32.180, a taxpayer, "having paid any tax as required and feeling aggrieved by the amount of the tax," may appeal to the Thurston County Superior Court for a refund of the tax. The taxpayer "shall set forth the amount of the tax imposed," the amount the taxpayer "concedes to be the correct tax," and "the reason why the tax should be reduced or abated." *Id.* Further,

> [t]he appeal shall be perfected by serving a copy of the notice of appeal upon the [DOR] within the time herein specified and by filing the original thereof with proof of service with the clerk of the superior court of Thurston [C]ounty.
> The trial in the superior court on appeal shall be de novo and without the necessity of any pleadings other than the notice of appeal. At trial, the burden shall rest upon the taxpayer to prove that the tax as paid by the taxpayer is incorrect, either in whole or in part, and to establish the correct amount of the tax. In such proceeding the taxpayer shall be deemed the plaintiff, and the state, the defendant.

*Id.* "[N]o court action or proceeding of any kind shall be maintained by the

---

[4] A taxpayer may also seek relief short of a lawsuit by requesting a refund through a petition to the DOR. RCW 82.32.170; WAC 458-20-229(3)(b)(i). Or they may ask for a refund from the store directly, and the seller may then seek reimbursement from the DOR. WAC 458-20-229(4)(a). But neither remedy need be exhausted before filing suit in the Thurston County Superior Court. RCW 82.32.180.

taxpayer to recover any tax paid, or any part thereof, except as herein provided."
*Id.*

Caneer's complaint alleges that the Grocers improperly imposed sales tax on his 100 percent fruit juice drinks and, for each claim, he seeks a refund of the tax he paid. As a purchaser of retail goods, Caneer is a taxpayer under the RSTA. *See* RCW 82.02.010(5) (defining "taxpayer" as any individual "liable for any tax or the collection of any tax hereunder, or who engages in any business or performs any act for which a tax is imposed by this title"). Caneer is an "aggrieved" taxpayer under RCW 82.32.180 because he alleges the Grocers collected a retail sales tax he does not owe. And he seeks to adjudicate his grievance in a "court action or proceeding of any kind." RCW 82.32.180. As a result, Caneer must follow the procedures of RCW 82.32.180.

Still, Caneer insists that the statute does not apply because his lawsuit does not amount to a tax refund case. Instead, he frames the issue as whether the Grocers have "authority to collect sales tax under these circumstances." But the statute's application to a "court action or proceeding of any kind" to recover "any tax paid" is not limited to a specific form of relief. *See Lakeside*, 1 Wn.3d at 158 (in the "closely related statute of RCW 82.32.150," the language "[a]ll taxes, penalties, and interest shall be paid in full before any action may be instituted in any court to contest all or part of such taxes, penalties, or interest" is not limited to "cases seeking tax refunds, injunctions, or any other specific form of relief"). Where a taxpayer seeks a refund of a tax already paid, the procedural requirements remain the same no matter the reasoning presented in support of

the refund. *Sifferman v. Chelan County*, 19 Wn. App. 2d 631, 645, 496 P.3d 329 (2021).

Here, no matter Caneer's reasoning, each of his claims turn on his status as an aggrieved taxpayer seeking a refund of an alleged improperly imposed sales tax. In his purported implied cause of action under the RSTA, Caneer alleged the "unlawful collection of retail sales tax" and sought damages for "the amounts unlawfully collected." In his conversion claim, Caneer asserted the Grocers wrongfully or unlawfully collected and retained his money "under the guise of the state retail sales tax," which deprived him of his rightful property.[5] And he seeks surrender of "the unlawfully collected and retained property" as damages. And finally, in his CPA claim, Caneer alleged the Grocers engaged in "unfair and/or deceptive acts or practices by collecting sales tax on food items that are exempt from sales tax," claiming injury in the form of paying the unnecessary tax.[6]

---

[5] Caneer asserts hypothetically that the Grocers could be profiting from their scheme by "earning interest from holding the improperly collected sales tax for a time before remitting it to the [DOR] or using it to offset what [the Grocers] owed to the [DOR] for [business and occupation] tax purposes." Nonetheless, Caneer's claim turns on the propriety of a tax charged to an aggrieved taxpayer, which must be contested under RCW 82.32.180.

[6] Caneer points to *Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*, 162 Wn.2d 59, 170 P.3d 10 (2007), as an example of a viable CPA challenge to a wrongfully imposed tax. But in that case, a company billed a customer for a fee that it knowingly mischaracterized as a mandatory surcharge. *Id.* at 68-69. Our Supreme Court determined that a knowing failure to reveal something of material importance is deceptive under the CPA. *Id.* at 75. Here, the Grocers each gave Caneer receipts identifying an amount withheld as sales tax. And Caneer alleges only that the Grocers "wrongfully, unfairly, and improperly" collected the sales tax. Unlike the customer in *Indoor Billboard*, Caneer's CPA claim turns on the lawfulness of the tax, not deceptive conduct.

Because each of Caneer's claims amount to a court action brought to adjudicate his grievance over the imposition of a tax for which he seeks a refund, he must follow the procedures proscribed in RCW 82.32.180. He did not. As a result, the trial court did not err by dismissing his claims without prejudice under CR 12(b)(6). We affirm.[7]

_Brennan, J._

WE CONCUR:

_Birk, J._          _Coburn, J._

---

[7] Because we affirm on these grounds, we do not address the remainder of the Grocers' arguments.

8