# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STEVEN G. HOPKINS and SPOUSE, | No. 51891-1-II |
| Appellants, | |
| v. | |
| WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES, | PUBLISHED OPINION |
| Respondent. | |

MELNICK, J. — The Department of Labor and Industries (L&I) issued a notice and order of assessment asserting personal liability against Steven Hopkins and his spouse, collectively Hopkins.[1]  L&I sought unpaid workers' compensation premiums from a company that Hopkins previously owned but which had dissolved.  After exhausting his administrative remedies, Hopkins sought review in superior court.  The court affirmed the assessment, and Hopkins appealed to this court.

Hopkins argues that the statute of limitations precludes L&I's assessment because the premiums assessed "became due" more than three years before L&I issued the assessment.

We affirm.

---

[1] Hopkins's spouse does not appear by name. We intend no disrespect by not referring to the spouse by name.

FACTS

Hopkins owned 50 percent of Frontier Contractors, Inc. (Frontier), a Washington corporation. At all relevant times, he had the responsibility of filing Frontier's workers' compensation returns.

In 2010, L&I issued a notice and order of assessment against Frontier under RCW 51.48.120[2] (the Frontier Assessment). The Frontier Assessment assessed unpaid premiums, penalties, and interest against Frontier for the fourth quarter of 2006 through the third quarter of 2009. Frontier appealed the Frontier Assessment to the Board of Industrial Insurance Appeals (the Board).

In 2012, the Board issued an order which slightly modified the Frontier Assessment. Frontier did not appeal, and the order became binding at that time.

Shortly thereafter, Frontier ceased doing business, and the Secretary of State administratively dissolved Frontier on July 1, 2013.

---

[2] The statute provides:

> If any employer should default in any payment due to the state fund the director or the director's designee may issue a notice of assessment certifying the amount due, which notice shall be served upon the employer by mailing such notice to the employer by a method for which receipt can be confirmed or tracked to the employer's last known address or served in the manner prescribed for the service of a summons in a civil action.

RCW 51.48.120. The statute has been amended since 2010. LAWS OF 2011, ch. 290, § 7. However, where there has been no change in the relevant language, we cite to the current version of the statute.

In 2015, L&I issued a notice and order of assessment against Hopkins in his personal capacity under RCW 51.48.055[3] (the Hopkins Assessment) for the amount Frontier owed at the time of its dissolution. At the conclusion of the administrative appeals process, the Board affirmed the Hopkins Assessment in full. It concluded that "Hopkins willfully failed to pay or cause to be paid premiums owed to [L&I] between February 12, 2012, and July 1, 2013." Clerk's Papers (CP) at 17. The Board made findings of fact supporting its conclusion. It held Hopkins personally liable for $60,193.73.

Hopkins appealed to superior court. The court affirmed. Hopkins appeals.

ANALYSIS

Hopkins contends that the Hopkins Assessment "became due" in 2009, over three years before L&I issued the assessment in 2015. Therefore, Hopkins argues the statute of limitations precludes the assessment.

L&I argues that the statute of limitations does not preclude the Hopkins Assessment. According to L&I, the statute of limitations was triggered when Frontier dissolved because it could not have asserted personal liability against Hopkins until then. We agree with L&I.

---

[3] The statute provides:

> Upon termination, dissolution, or abandonment of a corporate or limited liability company business, any officer, member, manager, or other person having control or supervision of payment and/or reporting of industrial insurance, or who is charged with the responsibility for the filing of returns, is personally liable for any unpaid premiums and interest and penalties on those premiums if such officer or other person willfully fails to pay or to cause to be paid any premiums due [L&I] under chapter 51.16 RCW.
>
> For purposes of this subsection "willfully fails to pay or to cause to be paid" means that the failure was the result of an intentional, conscious, and voluntary course of action.

RCW 51.48.055(1).

3

"We review appeals stemming from the Board's review of an assessment of industrial insurance premiums under the Administrative Procedure Act, chapter 34.05 RCW." *Dep't of Labor & Indus. v. Lyons Enters., Inc.*, 185 Wn.2d 721, 731, 374 P.3d 1097 (2016); *see* RCW 51.48.131. "We sit in the same position as the superior court," and review of the assessment is limited to the record available to the Board. *Probst v. Dep't of Labor & Indus.*, 155 Wn. App. 908, 915, 230 P.3d 271 (2010).

"We review the Board's findings of fact using the substantial evidence standard." *Lyons Enters., Inc.*, 185 Wn.2d at 731. Unchallenged findings of fact are verities on appeal. *Dep't of Labor & Indus. v. Kantor*, 94 Wn. App. 764, 772, 973 P.2d 30 (1999). "We review questions of law, such as construction of statutes, de novo, but we accord substantial weight to the agency's interpretation of the statutes it administers." *Probst*, 155 Wn. App. at 915.

In interpreting statutes, "[t]he goal . . . is to ascertain and carry out the legislature's intent." *Jametsky v. Olsen*, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014). We give effect to the plain meaning of the statute as "derived from the context of the entire act as well as any 'related statutes which disclose legislative intent about the provision in question.'" *Jametsky*, 179 Wn.2d at 762 (quoting *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 11, 43 P.3d 4 (2002)). We interpret statutes so as to not render any portion of the statute meaningless or superfluous. *Rivard v. State*, 168 Wn.2d 775, 783, 231 P.3d 186 (2010). Additionally, "a statute should be construed so as to avoid unlikely, absurd, or strained consequences." *Timberline Air Serv., Inc. v. Bell Helicopter-Textron, Inc.*, 125 Wn.2d 305, 317, 884 P.2d 920 (1994).

The statute of limitations under RCW 51.16.190(2), as it relates to both RCW 51.48.120 and RCW 51.48.055, determines the outcome of this appeal.

RCW 51.16.190(2) provides a three-year statute of limitations for actions to collect[4] a delinquent premium or assessment, which is triggered on "the date any such sum became due."

RCW 51.48.120 allows for actions to collect against employers. It provides, in relevant part: "If any employer should default in any payment due to the state fund the director or the director's designee may issue a notice of assessment certifying the amount due." RCW 51.48.120.

RCW 51.48.055 allows the agency to hold certain people personally liable under certain circumstances. It provides:

> (1) Upon termination, dissolution, or abandonment of a corporate or limited liability company business, any officer, member, manager, or other person having control or supervision of payment and/or reporting of industrial insurance, or who is charged with the responsibility for the filing of returns, is personally liable for any unpaid premiums and interest and penalties on those premiums if such officer or other person willfully fails to pay or to cause to be paid any premiums due [L&I] under chapter 51.16 RCW.
> . . . .
> (2) The officer, member, manager, or other person is liable only for premiums that became due during the period he or she had the control, supervision, responsibility, or duty to act for the corporation described in subsection (1) of this section, plus interest and penalties on those premiums.

RCW 51.48.055.

---

[4] RCW 51.16.190(1) provides:

> "Action" means, but is not limited to, a notice of assessment pursuant to RCW 51.48.120, an action at law pursuant to RCW 51.16.150, or any other administrative or civil process authorized . . . for the determination of liability for premiums, assessments, penalties, contributions, or other sums, or the collection of premiums, assessments, penalties, contributions, or other sums.

The parties do not dispute that for employers, the statute of limitations begins to run on the date the company failed to pay its workers' compensation premiums. RCW 51.16.060 ("Premiums for a calendar quarter . . . shall become due and delinquent on the day immediately following the last day of the month following the calendar quarter."); *Dolman v. Dep't of Labor & Indus.*, 105 Wn.2d 560, 565-66, 716 P.2d 852 (1986). Therefore, L&I cannot begin an action to collect those premiums more than three years after the employer's failure to pay. Here, Frontier's premiums "became due" between 2006 and 2009 when the company failed to pay its premiums. Thus, L&I could not have brought an action to collect any premiums against Frontier under RCW 51.48.120 after 2012.

However, this appeal involves determining the triggering date of the statute of limitations when L&I brought an action to collect against Hopkins personally, pursuant to RCW 51.48.055. We conclude that the date of Frontier's dissolution triggered the statute of limitations as to L&I's personal liability action against Hopkins.

Our interpretation is in accord with the statutes' plain language. A simplified reading of RCW 51.48.055(1) provides that "[u]pon . . . dissolution, . . . any officer . . . is personally liable for any unpaid premiums . . . if such officer . . . willfully fails to pay or to cause to be paid any premiums due the department." Thus, Hopkins could not be held personally liable until Frontier dissolved, regardless of Frontier's corporate liability. As a result, the statute of limitations did not begin to run until that event.

Our interpretation is also in accord with the legislature's intent. The legislature created a system whereby the funds used to pay workers' compensation benefits come from the premiums collected by L&I. RCW 51.48.010; *WR Enters., Inc. v. Dep't of Labor & Indus.*, 147 Wn.2d 213,

6

216-17, 53 P.3d 504 (2002). Thus, if L&I cannot collect premiums, then it cannot pay workers' compensation claims.

L&I utilizes RCW 51.48.120 and RCW 51.48.055 as different means to collect premiums. L&I utilizes RCW 51.48.120 to assess premiums against employers, i.e., companies, not officers. On the other hand, L&I utilizes RCW 51.48.055 to assess unpaid premiums against former officers of corporations or limited liability companies in their personal capacity after a company's dissolution. Thus, these two provisions work together to allow L&I to file an action to collect delinquent premiums and assessments against a company that exists, and also file an action against former officers after a company dissolves. Therefore, our interpretation of the statutory structure allows L&I to more thoroughly assess and collect workers' compensation premiums, which it can then use to pay workers' compensation benefits.

Hopkins's interpretation, however, would hinder L&I's ability to proceed with an action to collect and would instead incentivize corporate officers to withhold workers' compensation premiums. We interpret statutes to avoid such absurd results. As the industrial appeals judge illustrated,

> To rule as Mr. Hopkins requests would severely hamper [L&I's] ability to recover under RCW 51.48.055. A financially troubled corporation would only have to avoid dissolution or abandonment of the corporate form for three years to totally remove any corporate officer liability. It would also encourage delay in any appeal of the underlying assessment since each three months of delay would remove another quarter of premiums, penalty, and interest from potential corporate officer liability.

CP at 53. Restricting L&I's ability to proceed with an action to collect would restrict the effectiveness of Washington's Industrial Insurance Act because L&I would have less money to pay workers' compensation claims. This result would contravene the legislature's intent because

7

it would potentially hinder L&I's ability to fulfill its legislative mandate to compensate workers. *See WR Enters., Inc.*, 147 Wn.2d at 216-17.

Finally, the above interpretation is consistent with RCW 51.48.055(2), which provides that an officer "is liable only for premiums that became due during the period he or she had the control, supervision, responsibility, or duty to act for the corporation." Thus, when RCW 51.48.055(2) is read as a whole, this provision simply clarifies the officer's exposure to liability. The language "became due" in the provision does not affect the date the sum became due as to the officer when L&I asserts personal liability under RCW 51.48.055(1). Rather, it limits the amount of the officer's personal liability to premiums that became due to the company while that officer had control of the company and was culpable for the withholdings.

Accordingly, we conclude that, when L&I began an action to collect against Hopkins personally, the triggering date for the three-year statute of limitations was the date Frontier dissolved. Therefore, the statute of limitations does not bar the Hopkins Assessment.[5]

We affirm.

_____
Melnick, J.

We concur:

_____
Worswick, P.J.

_____
Cruser, J.

---

[5] Hopkins also argues that he is entitled to attorney fees. Because we conclude that L&I's assessment against Hopkins is not barred by the statute of limitations, we decline to award him attorney fees.